## HASELY, EXECUTOR, v. ENSLEY, TREASURER.

[No. 6,556.   Filed November 26, 1907.]

1. CORPORATIONS.—*Stock.*—*Personal Property.*—Shares of stock in a corporation constitute personal property separate from the property of the corporation itself, and may be dealt with, in law, as other personal property.   p. 601.

2. TAXATION.—*General Liability.*—*Exemptions.*—*Statutes.*—Section 8410 Burns 1901, Acts 1891, p. 199, §3, providing that "all property * * * not expressly exempted, shall be subject to taxation," covers shares of stock in a corporation, unless some other statute expressly exempts same.   p. 601.

3. SAME.—*Corporations.*—*Shares of Stock.*—*Exemption of.*—*Statutes.*—Section 8411 Burns 1901, Acts 1895, p. 21, §1, providing, among other things, that "for the purpose of taxation, * * * personal property shall include * * * all shares in foreign corporations except national banks, owned by inhabitants of this State," and that "shares in corporations, all the property of which is taxable to the corporation itself shall not be assessed to the shareholders," construed with §8460 Burns 1901, Acts 1899, p. 491, §1, providing that owners shall set forth in their schedules for taxation "all shares in foreign corporations, other than banks, and their value," does not exempt from taxation shares in foreign corporations, except those in national banks, though double taxation results therefrom.   p. 601.

4. SAME.—*Listing of Property.*—*Presumptions.*—Where taxation statutes require that certain property shall be listed and placed on the tax duplicates, the necessary presumption is that such property was intended to be made taxable.   p. 605.

5. SAME.—*Listing of Property.*—*Statistics.*—Section 8460 Burns 1901, Acts 1899, p. 491, §1, providing for the listing of shares of foreign corporations, other than national banks, for taxation, and §8463 Burns 1901, Acts 1899, p. 491, §2, providing the form of schedule to be executed, and which includes the value of such shares, are intended for taxation purposes and not for statistical uses nor for the information of the taxing officers.   p. 606.

From Probate Court of Marion County (15,257); *Merle N. A. Walker*, Judge.

Petition by Oliver P. Ensley, as county treasurer of Marion county, against Charles R. Hasely, as executor and special administrator of the estate of Benjamin Rowley, de-

ceased. From a judgment for petitioner, defendant appeals. *Affirmed.*

*Charles W. Smith, John S. Duncan, Henry H. Hornbrook* and *Albert P. Smith,* for appellant.

*David J. Hefron, Merrill Moores* and *Morton S. Hawkins,* for appellee.

RABB, J.—Appellant's testator, an inhabitant of Indiana, was the owner of certain shares of the capital stock of the Youngstown Rolling-Mill Company, a foreign corporation, all of whose property was assessed for taxation to the corporation in the state where the company was organized and carried on its business, and the sole question presented by the record in this case is whether the shares of stock so owned by appellant's testator are subject to taxation in this State. The solution of this question depends upon the proper construction to be given to the statute, in force at the time the taxes are claimed to have accrued, governing the assessment of property for taxation. Section 8410 Burns 1901, Acts 1891, p. 199, §3, provides that "all property within the jurisdiction of this State, not expressly exempted, shall be subject to taxation." Section 8411 Burns 1901, Acts 1895, p. 21, §1, provides: "For the purpose of taxation, * * * personal property shall include * * * all goods chattels and effects belonging to inhabitants of this State situate without this State, except the property actually and permanently invested in business in another state shall not be included; * * * all shares in corporations organized under the laws of this State when the property of such corporation is not exempt or is not taxable to the corporation itself; * * * all shares in foreign corporations except national banks, owned by inhabitants of this State. * * * Shares in corporations, all the property of which is taxable to the corporation itself shall not be assessed to the shareholders." Section 8422 Burns 1901, Acts 1891, p. 199, §12, provides that "all cor-

porate property, *including capital stock* and franchises, * * * shall be assessed to the corporation as to a natural person in the name of the corporation." Sections 8458-8460 Burns 1901, Acts 1891, p. 199, Acts 1895, p. 21, Acts 1899, p. 491, provide for the listing by the owner of personal property for taxation. Section 8460, *supra,* provides, among other things, that the schedule of property so made out by the taxpayer shall set forth: "(1) All shares in banks organized in this State, * * * and their full market value. * * * (2) All shares in foreign corporations, other than banks, and their value. (3) All shares in other corporations, organized under the laws of this State, where the property of such corporation is not exempt by some law, or is not taxable to the corporation itself, and the cash value of such shares." Section 8463 Burns 1901, Acts 1891, p. 199, §53, provides for the form of the schedule and, under the head of "description of property," is, in part, as follows: "Personal Property—Credits—Chattels * * * 8. All shares of stock in any corporation formed outside of this State; * * * —valuation by party,—valuation by assessor." Section 8523 Burns 1901, Acts 1891, p. 199, §105, requires the township assessor, on or before the first Monday in June of each year, to make out and deliver to the auditor of his county, in tabular form, in alphabetical order, a list of the names of the several persons in whose names any personal property, moneys or credits or other taxables shall have been listed, on which list he shall enter separately, in appropriate columns, opposite each name, the aggregate value of the several species of personal property and taxables required to be listed, as attested by the person required to list the same. Section 8528 Burns 1901, Acts 1891, p. 199, §110, requires the assessor, at the time he makes such return to the county auditor, to deliver to him all the statements of property which he shall have received from persons required to list the same. Section 8561 Burns 1901, Acts 1891, p. 199, §143, requires the

county auditor, between the first Monday in July and the last day of December of each year, to make out a duplicate list of the taxes assessed in the county, and to enter the same in separate columns, one column to contain all corporate stock, and its value. Section 8566 Burns 1901, Acts 1891, p. 199, §148, requires the auditor to deliver a copy of the tax duplicate so made out to the county treasurer, on or before the last day of December of each year, and subsequent sections of the statute require the county treasurer to collect the taxes appearing upon the duplicate.

Shares of stock in a corporation are property separate and distinct from the property of the corporation itself. They are the property of the holder of the shares, over

1. which he has entire dominion. They may be made subject to taxation, of barter and sale, of the crime of larceny, and may be replevied, as other personal property may be, and, in the absence of any more specific definition by the legislature, would be held to be personal property, liable to taxation within the meaning of §8410, *supra,* unless expressly exempted by some other provision of the law.

Section 8410, *supra,* which declares that all property, not expressly exempt, shall be subject to taxation, would cover shares of the capital stock of both foreign and

2. domestic corporations, and, unless the appellant can point to some statute that exempts the shares of stock owned by the decedent from assessment for taxation, the same are clearly liable to be taxed.

Appellant does not contend that it was not within the power of the legislature to tax shares of stock in a foreign corporation, but earnestly insists that the provisions

3. contained in §8411, *supra,* exempt this stock from taxation, for the reason that all of the property of the corporation was taxed in another state; that the sentence, "shares in corporations, all the property of which is taxable to the corporation itself shall not be assessed to the

shareholders,'' is an express exemption of these shares of
stock in this foreign company, the condition appearing as
before stated, and that it applies to all corporations, foreign
or domestic.   In the construction of statutes the object to
be attained is the purpose of the legislature, and this is to be
drawn, not from the consideration of a single sentence, or a
single section of the law, but from a view of the whole and
every part of the legislation on the subject.   This well-
known rule of construction is recognized by both contending
parties, and appealed to as sustaining their respective con-
tentions.   It is urged by appellant that, while technically
shares of stock in a corporation are property distinct from
the property owned by the corporation, yet practically they
are the same, and that, while it is competent for the legisla-
ture to impose the burden of taxation on both the shares of
stock and on the property of the corporation, this is in
reality double taxation, and a fair consideration of all the
provisions of the law on the subject of taxation shows clearly
that it is the policy of our law to avoid double taxation.   It
is pointed out in support of this view that §8411, *supra,* in
defining what the term ''personal property'' shall include
for the purpose of taxation, declares:  ''All goods, chattels
and effects belonging to inhabitants of this State situate
without this State, except property actually and permanent-
ly invested in business in another state, shall not be includ-
ed,'' and that this provision was inserted in the law of 1891
for the purpose of avoiding double taxation on property so
situated.   While it is clear that it was not the legislative
purpose to include such property thus permanently invested
out of the State in the tax list, it is not so manifest that
this purpose was influenced by an inclination on the part of
the legislature to avoid double taxation.   It will be observed
that the exclusion of this absent property from the tax list
is not made to depend upon whether it is taxed in a foreign
state or not.   If actually and permanently invested there,
whether taxed or not, it is not personal property within the

meaning of the tax law. And, on the other hand, personal property belonging to an inhabitant of this State, situated in another state, but not permanently invested there, is subject to taxation here, regardless of the fact that it may have been taxed in the foreign state for its full value, so that these provisions of the law are not very convincing proofs of a policy on the part of the legislature to avoid the taxation here of property that might also be subject to taxation in a foreign state. It is further urged by appellant that the law as it existed prior to the enactment of the statute in question was different upon this subject, and that this sentence quoted from §8411, *supra,* and relied upon by appellant as exempting the property in question from taxation, first appeared in the tax law of 1891; that prior laws upon the subject all in express terms related to the capital stock of domestic corporations, and by no construction could be held to apply to the shares of stock in foreign corporations; that this change in the language of the law is a material one, and that from the change in the wording of the statute a change of legislative purpose is to be presumed.

We recognize the rule of construction invoked by appellant, but do not conceive that it should be accorded controlling influence in the construction of the statute under consideration. The evident purpose of §8411, *supra,* is not the exemption of property from taxation. Its purpose is to define what property is included in the term "personal property," as used in the taxing law. Its language does not expressly exempt any property from taxation; neither that of corporations, foreign or domestic, or of natural persons. It does not declare that stock in a domestic corporation shall be exempt from taxation; it does not declare that shares of stock in a foreign corporation shall, under any circumstances, be exempt from taxation. It simply declares that shares in corporations, all the property of which is taxable to the corporation itself, shall not be assessed to the shareholder; and construing this section with §8422, *supra,* pro-

viding that "all corporate property, *including capital stock
and franchises,* * * * shall be assessed to the corpora-
tion," a purpose is clearly evinced that all the stock in cor-
porations shall be subjected to taxation, either to the indi-
vidual owner of the shares, or to the corporation itself.
Had it been the legislative. purpose not to include for tax-
ation the shares of stock in a foreign corporation, where the
property of the corporation was assessed in another state, it
is difficult to escape the conclusion that this purpose would
have been manifested by a proper exception in immediate
connection with the legislative declaration that all shares of
stock in foreign corporations, except banks, should be with-
in the meaning of the words "personal property" subject to
taxation.    Banks were excepted, and why would not all of
the exceptions that the legislature intended should attach to
this class of property be included in the same sentence?    If
it was intended that shares in the capital stock of a foreign
corporation should stand in that respect upon the same foot-
ing with shares in a domestic corporation, why was not the
same language used by the legislature in expressing that
purpose that was used with reference to domestic corpora-
tions?    In arriving at the purpose and intention of the leg-
islature from a consideration of the provisions of §8411,
*supra,* standing alone, these considerations raise doubt as to
.the legislative purpose to exclude from taxation shares in
the capital stock of a foreign corporation owned by inhab-
itants of this State, where all the property of the corpora-
tion was taxed in a foreign state, and a consideration of the
subsequent provisions of the statute on the subject leave no
room for reasonable doubt that such was not the legislative
purpose.    Those sections of the taxing law that regulate the
listing and return of property for taxation, that provide
for the placing of the property upon the tax duplicate, and
the collection of the taxes, give a more correct and reliable
view of the legislative purpose in this respect than is af-
forded by the provisions of §8411, *supra,* whose purpose it

was to define the meaning of the term "personal property." *Wasson* v. *First Nat. Bank* (1886), 107 Ind. 206.

It is these provisions of the law that place the property upon the tax duplicate, and that duplicate is a warrant in the hands of the treasurer, imposing upon him the 4. duty of enforcing the payment of the taxes assessed.

It is not to be presumed that the legislature would require the placing of property on the tax duplicate and require the officer to proceed to collect the taxes assessed against it, if it did not intend that such property should be subject to taxation. The provisions of §8460, *supra*, requiring the taxpayer to make a list and schedule of his property for taxation, and in that schedule to set forth "all shares in foreign corporations, other than banks," and to place a value upon such shares, connected as it is with the provisions requiring the taxpayer to set forth all shares in other corporations organized under the laws of this State, when the property of such corporation is not exempt by some law, or is not taxable to the corporation itself, and the cash value of such shares, manifest a clear intent and purpose upon the part of the legislature to distinguish between shares of stock in a foreign corporation and shares of stock in a domestic corporation, and to subject all shares of stock in foreign corporations, except stock in banks, to taxation in this State. This purpose is emphasized by the requirements of §8463 Burns 1901, Acts 1891, p. 99, §53, which provides the blank form of tax lists, number eight in the list of items, reading as follows: "All shares of stock in any corporation formed outside of this State, and also all shares of stock in any corporation formed in this State, and conducting its business outside of this State." It is from these tax lists, thus made out, that the assessor is required to make his return to the county auditor, and from this source alone are the taxes charged upon the tax duplicate of the county upon personal property drawn.

It is suggested by appellant that the several sections of

the statute under consideration can be harmonized by hold-
ing that the provisions of §§8460, 8463, *supra,* were
inserted in the act either for statistical purposes, or
for the purpose of putting the assessor upon inquiry,
and furnishing information to him by which he might as-
certain whether the shares of stock in foreign corporations
owned by inhabitants of this State were subject to taxation.
This theory is wholly untenable.  There is an express pro-
vision of the statute governing the gathering of statistics, in
which it is made the duty of the State Statistician to fur-
nish the auditor with a form for blanks for the collection of
such information as may be necessary for the bureau of sta-
tistics.  It is the duty of the county auditor to provide such
blanks and deliver the same to the assessor at the same time
he delivers to him the blank assessment lists for taxation.
The blanks required by law for statistical purposes are en-
tirely distinct, and have no relation whatever to the assess-
ment of property for taxation.  These lists are required to
be furnished for the purposes of taxation, and for no other
purpose.  There is no law making it the duty of the town-
ship assessor, or of any other public officer, to investigate
the laws of foreign states to ascertain whether property in
this State is subject to taxation in such foreign state.  It is
utterly unreasonable to suppose that the taxpayer is re-
quired to list all of his shares of stock in foreign corpora-
tions, not for the purpose of taxation, but for the purpose of
enabling the assessor to ascertain whether they are subject
to taxation.  The assessor is required to take the list as he
finds it, and to make up the assessment from that list, and
return it to the auditor as property subject to taxation;
and, in view of these provisions and the purpose of these sec-
tions of the laws in reference to the listing and assessment
of personal property, we cannot escape the conclusion that it
was the intention of the legislature that all shares of stock in
foreign corporations, owned by inhabitants of this State,
should be assessed for taxation, regardless of whether the

property of the corporation was taxed in a foreign state or not.

The provision of §8411, *supra*, referred to and relied upon by appellant as exempting from taxation the shares of stock involved in this case, to the effect that, where all the property belonging to the corporation was assessed to the corporation, the shares of stock shall not be assessed to the holder, was evidently intended to apply to those corporations which could be assessed under the law the legislature was then engaged in enacting. It is simply a complement of the previous provision found in the same section, to the effect that the term "personal property" should include all shares in corporations organized under the laws of this State, when the property of such corporation is not exempt, or is not taxable to the corporation itself. Numerous authorities are cited to establish the proposition that taxation of the shares in the capital stock of a corporation, and taxation of the property of the corporation, is double taxation, and that double taxation is not to be presumed, and that the tax laws are not to be construed so as to impose double taxation, unless the legislature has unmistakably so enacted. We recognize the correctness of appellant's position upon this question, and the force of the authorities cited; but, conceding it to be the law, we still conclude that these provisions of the law to which we have referred show an unmistakable legislative purpose to assess shares of stock in nonresident corporations for taxation, although it may result in double taxation. Numerous authorities are cited from the various states, particularly New York, New Hampshire and Vermont, to sustain appellant's contention that under our statute this stock is exempt from taxation here. All of these decisions were based upon statutes entirely different in effect and manifest purpose from the law in this State, and we cannot regard them as in point.

Judgment affirmed.