CHISM ET AL. *v.* STATE OF INDIANA.

[No. 25,914.   Filed February 19, 1932.]

*Miller & Uhlir* and *Olin R. Holt,* for appellants.

*James M. Ogden,* Attorney-General, and *V. Ed Funk,* Deputy Attorney-General, for the State.

ROLL, J.—Appellants were charged by affidavit with the crime of robbery, and, upon being arraigned, entered a plea of guilty, whereupon the court made the following entry: "Comes now the State of Indiana, by its prosecuting attorney in and for the 51st Judicial Circuit and files affidavit against said defendant, which is as follows to wit: (H I). Bench warrant is by the court issued for the arrest of said defendant and the defendants are arrested and brought into open court and on being arraigned each enters plea of guilty, to robbery as charged in the affidavit. The court further finds that James Chism is 19 years of age, and Robert Sueter is 17 years of age and that each individual should be committed to the Indiana State Reformatory for 10 years and disfranchised for 5 years. It is, therefore, ordered, adjudged and decreed by the court that the defendants James Chism and Robert Sueter are guilty of robbery and should be and herein are committed to the Indiana State Reformatory for a period of 10 years and disfranchised for 5 years." This entry was made on January 22, 1930, and, on February 17, 1931, the appellants, by their attorney, filed a separate motion to modify and correct the judgment of the court to comply with §2311 Burns Supp. 1929, Acts 1929 p. 446.

Appellants were charged with the crime of robbery as defined by §2425 Burns Supp. 1929, Acts 1929 p. 136, and sentenced to imprisonment in the State Reformatory for a period of 10 years as is provided in said statute. The only question properly presented by this appeal is whether or not the court could properly sentence appellants under §2425, *supra*, or whether the appellants, being minors, under the full age of 21 years, the court must pronounce sentence as set out in §2311, *supra*.

Section 2425, *supra*, reads as follows: "Whoever, forcibly and feloniously, takes from the person of another any article of value, by violence or by putting in

fear, is guilty of robbery, and, on conviction, shall be imprisoned in the state prison for any determinate period not less than ten years nor more than twenty-five years, and be disfranchised and rendered incapable of holding any office of trust or profit for such period as the court may determine, etc." Section 2311, *supra,* amended §2311 Burns 1926, Acts 1927 p. 579, which was an act to amend §270 of the acts of 1905 p. 584. Section 270 of the act of 1905, *supra,* reads as follows: "When any person under the age of twenty-one years shall be convicted of any crime the punishment for which is imprisonment in the state prison, or in the Indiana reformatory, imprisonment in the county jail for any determinate period may be substituted." §2311 Burns 1926. As stated above, this section was amended in 1927, Acts 1927 p. 579, *supra,* which act reads as follows: "Whenever any person under the full age of twenty-one years and who has not theretofore been convicted of a felony, shall have been convicted of any crime, the punishment for which is imprisonment in the Indiana reformatory, such person *shall* be sentenced to the custody of the board of trustees of said reformatory for a term of not less than one year nor more than ten years, or the court in its discretion may sentence such person to the Indiana State farm for any determinate period not exceeding one year." This last act was again amended in 1929, Acts 1929 p. 446, which reads as follows: "Whenever any person under the full age of twenty-one years who has not been theretofore convicted of a felony, shall have been convicted of any crime, the punishment for which is imprisonment in the Indiana reformatory . . . such person *may* be sentenced to the custody of the board of trustees of said reformatory . . . for a term of not less than one year nor more than ten years, or the court in its discretion may sentence such person to the state farm for any determinate period not exceeding one year:

*Provided,* That nothing contained in this act shall apply to any person convicted of an offense punishable by life imprisonment."

Appellants ask in their motion to modify the judgment that it be modified and corrected to comply with §2311 Burns Supp. 1929, Acts 1929 p. 446, and, in the last paragraph of their brief, ask that the judgment be modified and corrected to comply with Acts 1927 p. 579. Inasmuch as the act of 1927 above referred to was amended by the act of 1929, *supra,* said act of 1927 was taken out of existence as far as this case is concerned.

It will be noted that one of the changes made in the act of 1927, *supra,* by the act of 1929, *supra,* was to change the word "shall" to "may." Under the act of 1927, *supra,* it was mandatory on the court, in case of the conviction of a felony the punishment for which was imprisonment in the Indiana Reformatory, where such person had not been theretofore convicted of a felony, to sentence such minor to the board of trustees of said reformatory for a term of not less than one year nor more than 10 years or to the Indiana State Farm for any determinate period not exceeding one year. The court had no discretion under that statute; he had to do one or the other, while, under the 1929 act, the word "shall" was changed to "may," and, under this act, the court may exercise its discretion, that is, in a proper case he can impose the lighter sentence, but we think it clear that he has the right also to refuse to impose the lighter sentence and to impose the sentence imposed under the general statute, §2425 Burns Supp. 1929, defining the crime of robbery and prescribing the punishment therefor.

It is a rule of statutory construction that a change of phraseology from that of the original act will raise the presumption that a change of meaning was also intended.

*State, ex rel.,* v. *Beal* (1916), 185 Ind. 192, 113 N. E. 225; *Hasely* v. *Ensley* (1907), 40 Ind. App. 598, 82 N. E. 809. We think the court had the power and right to sentence appellants under the law defining robbery. §2425 Burns Supp. 1929, *supra,* or had he, in the exercise of sound discretion, thought best for all parties concerned, he could have imposed either of the two punishments prescribed by §2311 Burns Supp. 1929, *supra.* But, having exercised his judicial discretion, and nothing appearing that the trial court abused that discretion, we will not disturb the lower court's action on appeal.

Appellants seek to question the constitutionality of ch. 54 of the acts of 1929, Acts 1929 p. 136, §2425 Burns Supp. 1929. Appellants did not raise or attempt to raise such a question in the trial court, and such question cannot be raised for the first time on appeal. *Lindsay* v. *State* (1924), 195 Ind. 333, 145 N. E. 438; *Volderauer* v. *State* (1924), 195 Ind. 415, 143 N. E. 674; *Tow* v. *State* (1926), 198 Ind. 253, 151 N. E. 697; *Dillon* v. *State* (1924), 194 Ind. 600, 142 N. E. 643; *Moore* v. *State* (1926), 198 Ind. 547, 153 N. E. 402, 154 N. E. 388.

We find no reversible error.

Judgment of the lower court is affirmed.