KENNETH ST. GERMAIN *v.* STATE OF INDIANA.

[No. 277S129. Filed November 28, 1977.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Bobby Jay Small, David P. Freund, Lawrence D. Giddings,* Deputy Public Defenders, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Deputy Attorney General, for appellee.

DEBRULER, J.—Appellant was convicted in the St. Joseph Superior Court of the offense of commission of a felony, robbery, while armed with a deadly or dangerous weapon. Ind. Code § 35-12-1-1 (Burns 1975). The sole issue presented for review is whether appellant was entitled to have the jury

instructed that he could be convicted of the offense of commission of a crime of violence when armed with a firearm. Ind. Code § 35-23-4.1-2 (Burns 1975).

Appellant was charged with robbing the cashier of a White House Restaurant in South Bend, while armed with a .22 caliber revolver. He was identified at trial by the cashier, and presented an alibi defense.

The trial court gave instructions identifying and defining the lesser and included offenses of committing a felony, robbery, while armed; including one so identifying simple robbery. However, the court refused the following instruction tendered by the defendant:

"There is, included in the offense of armed robbery, the offense of committing a crime of violence while armed with a firearm.
This offense is defined as follows:
If any person commits . . . a crime of violence when armed with a firearm, he . . . is guilty of a felony and upon conviction, shall be punished by a fine of not less than one hundred dollars ($100) nor more than one thousand dollars ($1,000) and by imprisonment in the state prison for any determinate period of not less than one nor more than ten (10) years. (IC 35-23-4.1-2 and IC 35-23-4.1-18(b))"

The instruction was based upon the following provisions of the Indiana Firearms Act:

"If any person commits or attempts to commit a crime of violence when armed with a firearm, he may, on conviction thereof, in addition to the punishment provided for the crime, be punished also as provided by the felony penalty under this chapter. Upon arrest for any such crime, the firearms shall be seized by the arresting officer and held by him as evidence pending trial." § 35-23-4.1-2

"Any person who violates any provision of sections 2, 6, 11, 12, or 14 of this chapter is guilty of a felony and upon conviction, shall be punished by a fine of not less than one hundred dollars ($100.00) nor more than one thousand dollars ($1,000.00) and by imprisonment in the state prison for any determinate period of not less than one (1) nor more than ten (10) years." § 35-23-4.1-18(b).

The former section was repealed effective October 1, 1977, and references to it were deleted from the latter section effective on the same date.

Counsel on both sides in their briefs have assumed that the above provisions of the Frearm Act created a distinct and separate offense, and have contrasted such assumed offense with the offense of committing a felony, robbery, while armed; and have considered such offense in light of the evidence presented. Upon consideration of the text and history of these provisions, the correctness of this assumption is questionable. The use in section 35-23-4.1-2 of the permissive term "may" rather than the usual term "shall" is unusual. The provisions are modeled after the Uniform Firearms Act approved by the Conference of Commissioners on Uniform State Laws in 1930. In their original forms in that proposed statute, they probably were not intended to create a new substantive offense, but were either intended to increase the penalty if the underlying "crime of violence" was committed while armed with a firearm, or to prevent firearm violations created in subsequent section of the act from merging with the greater underlying violent crimes. *State* v. *Rose,* (1972) 7 Wash. App. 176, 498 P.2d 897; *Commonwealth ex rel. Curry* v. *Myers,* (1961) 195 Pa. Super. 480, 171 A.2d 792. Even if these provisions as originally enacted in Indiana did not create a new offense the question would still remain whether the amendments of 1973 did so; however, this is a question which we need not definitively decide here. For, even assuming that a new substantive offense was so created, appellant was not entitled to the instruction which was requested.

The instruction requested would have permitted the jury to return a single verdict of guilty of committing a "crime of violence when armed with a firearm", and upon such verdict assess a lone determinate term of imprisonment between one and ten years. As a lone and final

penalty that determinate term would have been contrary to the clear textual requirement of the provisions quoted above that such penalty be meted out only "in addition to the punishment provided for the crime", i.e., the subsumed crime of violence, here robbery. These provisions are after all, part of a gun law and as such deal with the presence of a gun at the time and place of a "crime of violence", and focus upon the increased danger to human life arising from such presence. As such, their purpose is to effectuate a greater penalty for a "crime of violence" committed with a weapon than that deemed appropriate for such violent crime when committed unarmed. In the Handbook of the National Conference of Commissioners on Uniform State Laws and Proceedings, 1930, the comments upon that section of the Uniform Firearms Act, after which section 35-23-4.1-2 was patterned, included these statements:

> "2. A heavier penalty is provided for a crime of violence by one who is armed. . . ." p. 570
>
> "An additional penalty is provided for persons committing crimes of violence when armed." p. 572.

Appellant's proposed instruction would have the opposite effect of giving the presence of a gun an ameliorating consequence rather than an aggravating one.

In order to sanction appellant's basic proposition that this assumed offense is, standing alone and unrelated to other offenses, a lesser and included one of committing a robbery while armed with a deadly or dangerous weapon, we would be required to ascribe a penal purpose to the Legislature in enacting section 35-23-4.1-2, which is contrary to the clear and express purpose in the text of its product. This we may not do. *Coleman* v. *State*, (1975) 264 Ind. 64, 339 N.E.2d 51; *Eads* v. *J. & J. Sales*, (1971) 257 Ind. 485, 275 N.E.2d 802. We are bound to construe and apply a statute in accordance with its plain meaning. No application of section 35-23-4.1-2 can be sanctioned which is not in accordance with its express purpose. Therefore

appellant's proposed instruction, quoted above, was properly refused.

To the extent that an instruction to the jury may have been correctly given to the effect that the jury could have assessed an additional determinate term of one to ten years upon any conviction of an appropriate lesser included offense which may have been a crime of violence as defined in section 35-23-4.1-1, or to the effect that the term assessed for the conviction of such crimes could have been enhanced by up to ten years, the absence of such instruction would not have prejudiced any substantial right of appellant.

The conviction of appellant is affirmed.

Givan, C.J., Hunter, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 369 N.E.2d 931.