MICHAEL HINKLE *v.* STATE OF INDIANA

[No. 2-1276A464. Filed June 26, 1978.]

*Kenneth T. Roberts, Wilson, Coleman & Roberts*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General of Indiana, *David L. Steiner*, Deputy Attorney General, for appellee.

WHITE, J.— A jury found Hinkle guilty of robbery (Count I) and of committing a crime of violence (robbery) when armed with a firearm (Count

II), and fixed his sentence on Count II at ten years in prison and a $100.00 fine. The court entered judgment committing him to an indeterminate term of 10 or 25 years on the first count and a consecutive term of ten years determinate (and a $100.00 fine) on the second count. In this appeal Hinkle challenges the validity of that judgment.

We affirm.

Count II describes a violation of Ind. Ann. Stat. § 35-23-4.1-2 (Burns Code Ed., 1975), the second section of the Indiana Firearms Act, and the sentence is in accord with § 35-23-4.1-18(b), the applicable penalty section of the same Act, which statutes then provided:[1]

"If any person commits or attempts to commit a crime of violence [as defined in section 1 and includes robbery] when armed with a firearm, he may, on conviction thereof, in addition to the punishment provided for the crime, be punished also as provided by the felony penalty under this chapter. Upon arrest for any such crime, the firearms shall be seized by the arresting officer and held by him as evidence pending trial." § 35-23-4.1-2

"Any person who violates any provision of sections 2, 6, 11, 12 or 14 of this chapter is guilty of a felony and upon conviction, shall be punished by a fine of not less than one hundred dollars ($100.00) nor more than one thousand dollars ($1,000.00) and by imprisonment in the state prison for any determinate period of not less than one (1) nor more than ten (10) years." § 35-23-4.1-18(b)"

Hinkle presents a two-fold argument:

1. Robbery is a lesser included offense in a charge of committing a crime of violence while armed with a firearm and thus he should be sentenced only on the greater charge;

2. By imposing consecutive sentences the court exposed Hinkle to a possible incarceration of 35 years, which is five years in excess of the maximum possible sentence for commission of a robbery while armed with a deadly weapon, and thus violates both the Federal Constitution's prohibition against cruel and unusual punishment and the Indiana Constitution's mandate that penalties be proportioned to the nature of the offense.

1. § 35-23-4.1-2 was repealed by, and reference to that section deleted from § 35-23-4.1-18(b) by, Acts of 1977, P.L. 355, § 21.

There is only one Indiana case construing the statute involved, *St. Germain v. State* (1977), 267 Ind. 252, 369 N.E.2d 931, 932, and the issue in that case is whether the trial court committed error when in the trial of a defendant charged with armed robbery it refused to submit to the jury a tendered instruction that would define commission of a crime of violence while armed with a firearm as a lesser included offense. Even though the case is not directly in point the language used by our Supreme Court in affirming the trial court is relevant to the questions Hinkle presented.

"The instruction requested would have permitted the jury to return a single verdict of guilty of committing a 'crime of violence when armed with a firearm', and upon such verdict assess a lone determinate term of imprisonment between one and ten years. As a lone and final penalty that determinate term would have been contrary to the clear textual requirement of the provisions quoted above that such penalty be meted out only 'in addition to the punishment provided for the crime', i.e., the subsumed crime of violence, here robbery. These provisions are after all, part of a gun law and as such deal with the presence of a gun at the time and place of a 'crime of violence', and focus upon the increased danger to human life arising from such presence. As such, their purpose is to effectuate a greater penalty for a 'crime of violence' committed with a weapon than that deemed appropriate for such violent crime when committed unarmed. . . .

\* \* \*

"To the extent that an instruction to the jury may have been correctly given to the effect that the jury could have assessed an additional determinate term of one to ten years upon any conviction of an appropriate lesser included offense which may have been a crime of violence as defined in section 35-23-4.1-1, or to the effect that the term assessed for the conviction of such crimes could have been enhanced by up to ten years, the absence of such instruction would not have prejudiced any substantial right of appellant."

Thus, in response to Hinkle's first argument, the above quoted language clearly indicates that neither the offense of robbery nor the offense of committing a crime of violence (robbery) while armed with a firearm is a lesser offense included in the other.[2] The

---

2. It should be noted that Hinkle's argument that robbery is the lesser offense would result in the aggravating factor becoming a mitigating factor since the minimum term

language further indicates that the sentences for the two offenses are to be consecutive.

In response to Hinkle's constitutional arguments, the *St. Germain* decision both construes the firearms penalty to be a legislative recognition of, and response to, the increased probability of physical injury with the use or presence of firearms, and indicates approval of that legislative action. The court was admittedly comparing armed crimes and unarmed crimes, but the same logic would apply when comparing crimes of violence committed with a firearm to felonies committed while armed with a deadly weapon. Not all felonies are crimes of violence nor are all deadly weapon as potentially injurious as firearms. The consecutive sentences imposed in the case at bar do not violate either the prohibition against cruel and unusual punishment contained in the Eighth Amendment to the United States Constitution or the mandate that punishment be proportional to the offense found in Article 1, Section 16, of the Indiana Constitution.

The judgment is Affirmed.

Sullivan, J., concurs. Lybrook, P.J., participating by designation, concurs.

NOTE—Reported at 377 N.E.2d 661.

for robbery would be the maximum term for robbery armed with a firearm. Part of the *St. Germain* opinion not quoted herein specifically prohibits that result.