**Sam CATRABONE, Jr., Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 584S180PS.**

Supreme Court of Indiana.

March 24, 1986.

Sam Catrabone, Jr., pro se.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Appellant Sam Catrabone appeals from a jury conviction for murder, a class A felony, and for criminal confinement, a class B felony. Catrabone was sentenced to consecutive terms of imprisonment of sixty years and twenty years, respectively.

Appellant raises two issues in this direct appeal:

(1) Whether a murder conviction based upon accessory evidence is improper when the information charged defendant as a principal, and,

(2) Whether the imposition of sentences for both murder and criminal confinement violated the prohibition against double jeopardy.

These are the facts which tend to support the trial court's judgment. In the early morning hours of August 28, 1982, Sam Catrabone, Dianna Lynn Ingram (the victim), and John Shelton (co-defendant) were at a massage parlor with some friends. Catrabone and Ingram fought periodically throughout the evening and the arguments became progressively more violent. Appellant beat Ingram on three or four occasions that evening, hit her with a .38 revolver, and threatened to kill her because she had threatened to report his beatings to the police. Appellant and Shelton took Ingram into a back room at around 5 a.m.; when they emerged, Ingram was bound and gagged. Danny Azbell removed these bondages and tried to calm everyone down. After tempers had cooled, appellant told Ingram that he would drive her home and Shelton accompanied them.

At 8 a.m. appellant and Shelton returned to the massage parlor. Appellant told Azbell that he shot Ingram and, more specifically, told Janet Beasley that he shot her "up aside the head".

The decomposed body of Ingram was discovered in a soybean field by a farmer on October 12, 1982. Identification of the skeletal remains was made through dental records. The cause of death was determined to be a gunshot wound to the head. When Dr. McClure conducted the autopsy he removed bullet fragments from the victim's skull. The largest of these fragments was determined to be a .35 caliber bullet, which could have been fired from a .38 caliber gun.

In the statement which appellant gave to the police he admitted that he was present when the victim was killed. He claimed that once they arrived at the bean field that Shelton grabbed his gun, knocked Ingram down, and then shot her in the head. Fearing for his own safety, appellant maintains that he then fired a shot into the ground

near the victim's body. Despite an eighty square foot search of the vicinity near the victim's body with a metal detector, the police did not recover any other bullets.

## I. Sufficiency of Murder Information

 Appellant argues that the murder information is insufficient because it did not charge him as an accessory. He maintains that the evidence only establishes that he was an accomplice and therefore the verdict was contrary to law since he was convicted as a principal.

Assuming *arguendo* that the evidence does not establish that appellant had the status of a principal in the murder of Ingram, there is no merit to Catrabone's claim. An accused can be charged as a principal and be convicted on proof that he was an accessory to another for the substantive offense. *Hoskins v. State* (1982), Ind., 441 N.E.2d 419. An accomplice is criminally liable for the acts of his confederates and may be held responsible as a principal. Ind. Code § 35–41–2–4; *Woodford v. State* (1985), Ind., 484 N.E.2d 563.

## II. Double Jeopardy

Appellant argues that the trial court erred by sentencing him for both murder and criminal confinement because the charges arose from the same act or transaction.

A defendant may not be twice punished for a single offense which arose from one set of operative circumstances. *Haggard v. State* (1983), Ind., 445 N.E.2d 969. The convictions and sentences on both of these charges do not violate the prohibition against double jeopardy since each offense requires proof of at least one element not included in the other. *Elmore v. State* (1978), 269 Ind. 532, 382 N.E.2d 893. The commission of a criminal confinement does not require that another human being be killed and a murder conviction does not require proof that the victim was forcibly removed. Ind. Code § 35–42–1–1(1) (Burns 1985 Repl.); Ind. Code § 35–42–3–3(a)(2)

(Burns 1985 Repl.). Appellant was not sentenced twice for the same offense.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.