Valerie J. WALLIS and Julie Curry, Appellants (Plaintiffs Below),

v.

MARSHALL COUNTY COMMISSIONERS, Appellees (Defendants Below).

No. 43S04–8911–CV–886.

Supreme Court of Indiana.

Nov. 30, 1989.

James L. Walmer, David C. Kolbe, Warsaw, for appellants.

R. Kent Rowe, Martin J. Gardner, Rowe, Foley & Huelat, South Bend, for appellees.

DICKSON, Justice.

In this negligence action, the trial court entered summary judgment for defendant Marshall County Commissioners upon finding the plaintiffs, Valerie J. Wallis and Julie Curry, failed to comply with the notice requirements of the Tort Claims Act. In affirming the trial court, the Court of Appeals reasoned that notice is not filed within the meaning of the Act unless it is received by the proper government entity within the statutory period of 180 days. *Wallis v. Marshall County Comm'rs* (1988), Ind.App., 531 N.E.2d 1223. We grant transfer.

Valerie Wallis and her passenger, Curry, were injured in an automobile accident involving other parties on August 3, 1985. Alleging that the county's negligent maintenance of a stop sign caused the accident, Wallis and Curry sought to join an existing lawsuit against the county. Their attorneys sent by certified mail the tort-claim notices to the county on January 30, 1986, 180 days after the occurrence of the accident. The county received the notices the following day.

The Tort Claims Act requires notice for bringing and maintaining an action against a governmental entity.[1] Ind.Code § 34–4–16.5–7 provides for notice of claims against a political subdivision of the State:

(a) Except as provided in section 8 of this chapter, a claim against a political subdivision is barred unless notice is *filed* with:

(1) the governing body of that political subdivision; and

(2) the Indiana political subdivision risk management commission created under I.C. 27–1–29; within one hundred eighty (180) days after the loss occurs.... [emphasis added]

Ind.Code § 34–4–16.5–11 states:

The notices required by sections 6, 7, 8, and 10 of this chapter must be in writing and must be delivered in person or by registered or certified mail.

---

1. Ind.Code § 34–4–16.5–6 provides for notice of claims against the State. The content of a tort-claim notice, whether against the State or a political subdivision, is governed by Ind.Code § 34–4–16.5–9.

Wallis and Curry assert that notice sent by certified mail is "filed" on the date of its placement in the mail, not on the date of its receipt by the political subdivision.

■ When reviewing a statute, this Court's objective is to determine and implement legislative intent. *Park 100 Dev. v. Indiana Dept. of Revenue* (1981), Ind., 429 N.E.2d 220.

Although "filing" is not defined, the Act does enumerate three methods of delivering notice: personal delivery, registered mailing, or certified mailing. Ind.Code § 34-4-16.5-11. It is readily apparent that the use of certified or registered mail within the latter portion of the 180-day period does not assure that receipt will necessarily occur within that period.

■ A comparison of the language of the present Act with that of its forerunner is also instructive. *See Gingerich v. State* (1950), 228 Ind. 440, 93 N.E.2d 180 (legislative intent discernible by comparison of phraseology of act to prior acts); *Chism v. State* (1932), 203 Ind. 241, 179 N.E. 718. The predecessor provision, Ind.Code § 48-8001 (repealed 1974), stated in relevant part that claims against a city or town

> shall be dated and signed by the person giving the same and must be served as aforesaid *so as to be received* by some such municipal official within sixty (60) days after the occurrence complained of.... [emphasis added]

The present act did not retain the express prerequisite that receipt must be within the statutory period. This change in wording, in conjunction with the provision for mail delivery, strongly indicates legislative intent that notice is "filed" upon mailing by the prescribed methods, not upon actual receipt. As recently noted in *Collier v. Prater* (1989), Ind., 544 N.E.2d 497, 498, the notice requirements of the Tort Claims Act are in derogation of common law and are to be strictly construed against limiting a claimant's right to bring suit. Particularly in light of this strict construction, we hold that the mailing of notice within the 180-day period was timely even though receipt occurred after the expiration of that period.

The decision of the Court of Appeals is vacated. The trial court's entry of summary judgment against the appellants is reversed, and this cause is remanded for further proceedings not inconsistent with this opinion.

SHEPARD, C.J., and De BRULER, GIVAN, and PIVARNIK, JJ., concur.