**Vearnetta M. WHITLEY,**
**Appellant (Defendant),**

v.

**STATE of Indiana, Appellee (Plaintiff).**

**No. 34A02–8906–CR–00281.**

Court of Appeals of Indiana,
Second District.

April 30, 1990.

**512**

James R. Fleming, Howard County Public Defender, Kokomo, for appellant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Judge.

### CASE SUMMARY

Appellant-defendant Vearnetta M. Whitley (Whitley) appeals from her conviction for disorderly conduct,[1] a class B misdemeanor, claiming the evidence was insufficient to support the court's finding that she engaged in "tumultuous conduct."

We affirm.

### FACTS

The facts most favorable to the judgment show that at approximately 1:00 a.m. on August 8, 1988, Kokomo police officers were dispatched to the Gateway Gardens apartment complex in Kokomo to investigate a neighborhood disturbance involving black women and white women. Officer Jim Cook (Cook) of the Kokomo Police Department observed seven or eight women yelling at each other. Cook separated the parties involved and determined that no one had been injured or wished to file charges. Because the two groups continued to yell, scream, and curse at each other, Cook had another Kokomo police officer, Rick Carter (Carter), take the white women back to their apartment, while Cook continued to talk to the group of black women.

The women began to calm down except for Whitley. She continued to yell at the white women as they were being led away. Cook, Carter, and several of the black women asked Whitley to quiet down, but she refused. When Carter gently touched Whitley on her arm and asked her to step to the side, Whitley pulled away and began cursing and yelling at him.

By this time, several residents began coming out of their apartments. Carter threatened to arrest Whitley if she refused

1. Ind.Code 35–45–1–3 (1988).

to calm down. He displayed his handcuffs and threatened to take her to jail. Whitley continued yelling and screaming so Carter arrested her and attempted to handcuff her. Whitley declared it was a false arrest and pulled away. Carter, Cook, and another officer were finally able to place handcuffs on Whitley as she struggled and continued to yell.

Whitley was charged with resisting arrest, public intoxication, and disorderly conduct. At a bench trial, the trial judge dismissed the public intoxication charge and convicted her of resisting arrest and disorderly conduct. Whitley received a six-month suspended sentence for each charge.

### ISSUE

The only issue before us is:

Whether there was sufficient evidence to support Whitley's conviction for disorderly conduct, which conviction was based on the finding Whitley engaged in tumultuous conduct?

### DECISION

PARTIES' CONTENTIONS—The State contends that Whitley, by continuing to yell, scream, and curse, was likely to cause a fight between the black women and white women. Therefore, the State contends there was sufficient evidence to support her conviction for disorderly conduct.

Whitley responds that the evidence did not support a finding that she engaged in "tumultuous conduct" as that term is statutorily defined.

■ CONCLUSION—The trial court properly concluded that Whitley's actions constituted "tumultuous conduct."

IC 35–45–1–3 provides that:

"A person who recklessly, knowingly, or intentionally:

(1) engages in fighting or in tumultuous conduct;

(2) makes unreasonable noise and continues to do so after being asked to stop; or

(3) disrupts a lawful assembly of persons;

commits disorderly conduct, a Class B misdemeanor."

The information filed against Whitley alleges that "on or about the 8th day of August, 1988, VEARNETTA M. WHITLEY did ... engage in tumultuous conduct ..." [2] *Record* at 18. "Tumultuous conduct" has been defined by the legislature as "conduct that results in, or is likely to result in, serious bodily injury to a person or substantial damage to property." IC 35–45–1–1 (1988). There are no Indiana cases specifically applying this definition to determine the sufficiency of the evidence supporting a conviction for disorderly conduct.[3]

■ It is a fundamental rule of construction that a statute should be construed so as to ascertain and give effect to the legislative intent. *State ex rel. Bynum v. LaPorte Superior Court* (1973), 259 Ind. 647, 291 N.E.2d 355. Words and phrases are to be taken in their plain, ordinary and usual sense unless a different purpose is manifested by the statute itself. *St. Germain v. State* (1977), 267 Ind. 252, 369 N.E.2d 931; *Overlade v. Wells* (1955), 234 Ind. 436, 127 N.E.2d 686.

The language of the statutory definition of "tumultuous conduct" contemplates physical activity rising to the level of serious bodily injury, substantial property damage, or that either is *likely* to occur. *Gebhard, supra;* IC 35–45–1–1. This language is unambiguous.

The trial court could have reasonably concluded that Whitley's struggle with the police officers met this statutory definition, namely that there was a likelihood that either Whitley or the police officers could have sustained serious bodily injury during the attempt to handcuff Whitley. The record evidences a protracted physical

---

**2.** The information did not charge Whitley with "mak[ing] unreasonable noise and continu[ing] to do so after being asked to stop." IC 35–45–1–3(2).

**3.** While this court did further define the term in *Gebhard v. State* (1985), Ind.App., 484 N.E.2d 45, its application was limited to the sufficiency of the information charging the defendant.

struggle in which it took three officers to finally place handcuffs on Whitley. Carter testified that he was "unable to pin [Whitley] to the car" while trying to handcuff her. *Record* at 61. Cook stated that Whitley was "pulling and yanking and trying to get away." *Record* at 73. David Keller, the other officer at the scene, testified that Whitley was "struggling against him" while being handcuffed. *Record* at 80.

 Thus, the trial court judge could have properly concluded that Whitley's conduct during the struggle supported both the resisting arrest and disorderly conduct convictions. The test for determining whether or not the two convictions are the same for double jeopardy purposes is not whether the convictions arise from the same act, but whether the same act constitutes a violation of two distinct statutory provisions *which require the proof of an additional fact. Blockberger v. United States* (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306; *Purter v. State* (1987), Ind., 515 N.E.2d 858; *Elmore v. State* (1978), 269 Ind. 532, 382 N.E.2d 893. As our supreme court has recognized "[t]he focus of [the double jeopardy] analysis is on whether the offenses charged are the same and not on whether the offenses arose from the same act or operative circumstances." *Swafford v. State* (1986), Ind., 498 N.E.2d 1188, 1191; *See also Elmore, supra.* Offenses are not considered to be the same if each requires proof of at least one element not included in the other. *Catrabone v. State* (1986), Ind., 490 N.E.2d 272. In making that determination the court is to examine the relevant statutory provision as well as the information or indictment upon which the charges are predicated. *Tawney v. State* (1982), Ind., 439 N.E.2d 582. This double jeopardy analysis, which was first set forth in *Blockberger* and adopted by our supreme court in *Elmore*, has recently been reaffirmed by our supreme court. *Whittle v. State* (1989), Ind., 542 N.E.2d 981; *Jaske v. State* (1989), Ind., 539 N.E.2d 14; *Strong v. State* (1989), Ind., 538 N.E.2d 924.

 In applying these principles to this case, we can conclude that the double jeopardy clause does not bar Whitley's convictions for both resisting arrest and disorderly conduct. To convict Whitley for resisting arrest the State was required to show Whitley "forcibly resist[ed], obstruct[ed], or interfer[ed]" with Officers Carter or Cook while they were lawfully engaged in their duties. *Record* at 16; *see* Ind.Code 35–44–3–3 (1988). To convict Whitley of disorderly conduct the State had to prove that she engaged in "tumultuous conduct," *record* at 18, which is conduct that results in or is likely to result in, serious bodily injury or substantial property damage. IC 35–45–1–1. Thus, because both offenses required the proof of additional facts, Whitley could properly be convicted for both resisting arrest and disorderly conduct based on the same act. *See Blockberger, supra; Purter, supra; McDonald v. State* (1987), Ind., 511 N.E.2d 1066; *Elmore, supra; Armstead v. State* (1990), Ind.App., 549 N.E.2d 400.

There is, however, another basis for the disorderly conduct conviction. There is evidence that Whitley's conduct *prior* to her arrest created a likelihood that serious bodily injury or substantial property damage would result. Carter testified that while he was escorting the white women back to their apartments, Whitley yelled at them and taunted them, thereby provoking the white women to yell and curse back at her. *Record* at 57. Given the racial nature of the confrontation that night, a reasonable inference certainly could be drawn that Whitley's conduct constituted tumultuous conduct because it could have led to a fight between the two groups which was likely to result in serious bodily injury.

Judgment affirmed.

CHEZEM, P.J., concurs.

SULLIVAN, J., dissents with opinion.

SULLIVAN, Judge, dissenting in part.

Although the evidence supports the conviction for resisting law enforcement (I.C. 35–44–3–3), it does not reflect that prior to the arrest for "tumultuous conduct" the defendant's conduct was likely to result in serious bodily injury to any person or substantial damage to property.

The majority opinion is premised primarily upon the conclusion that the conduct which appropriately resulted in the conviction for resisting law enforcement also constitutes tumultuous conduct. Such analysis permits a person to be twice punished for the same act. That result is prohibited by constitutional double jeopardy considerations. *Stwalley v. State* (1989) Ind., 534 N.E.2d 229.

The majority opinion relies upon Indiana Supreme Court caselaw which appears to rigidly apply the *Blockburger–Elmore* test with regard to double jeopardy considerations. To be sure, mixed signals may be drawn from various cases. *Compare Whittle v. State* (1989) Ind., 542 N.E.2d 981 (rejection of same transaction test) with *Jaske v. State* (1989) Ind., 539 N.E.2d 14; *Stwalley v. State, supra,* 534 N.E.2d 229, and *Ellis v. State* (1988) Ind., 528 N.E.2d 60. In any event I do not read the cases to hold that the *Blockburger* test is dispositive of cases such as that here considered. Where, as here, a single act violates two separate criminal statutes, conviction may be had on only one. *Stwalley v. State, supra; Ellis v. State, supra; Blanton v. State* (1989) Ind.App., 533 N.E.2d 190.

The majority finds an alternative basis for the disorderly conduct conviction in defendant's activity prior to her arrest. Although there may have been the seeds of injury or damage in the situation before the arrival of the police, the danger had been greatly if not altogether diminished at the time in question. At least three police officers were present at the crucial time here involved. They had quieted all the participants in the disturbance with the exception of Whitley. I do not believe that there was sufficient likelihood of serious bodily injury or substantial property damage to support the conviction.

I would reverse the conviction for disorderly conduct.