**Charles L. GILBERT, Appellant (Defendant),**

**v.**

**STATE of Indiana, Appellee (Plaintiff).**

**No. 18A02–9003–CR–169.**

Court of Appeals of Indiana, Second District.

Dec. 26, 1990.

Alan K. Wilson, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Judge.

## CASE SUMMARY

Defendant-appellant Charles Gilbert (Gilbert) appeals from his conviction for operating a vehicle while intoxicated,[1] claiming that the trial court erred when it failed to dismiss the State's Petition to Execute Sentence.

We affirm.

## FACTS

The facts most favorable to the trial court's judgment reveal that Gilbert was charged with operating a motor vehicle while intoxicated, a class A misdemeanor, and operating a vehicle with blood alcohol content over .10 percent,[2] a class C misdemeanor, on September 14, 1987. On January 27, 1988, Gilbert entered into a plea agreement with the State under which he would agree to plead guilty to both counts of operating a vehicle while intoxicated and with a blood alcohol content over .10 percent provided that the court would withhold judgment for one year so that he could enter an alcohol abuse program. The court withheld its judgment, and set a hearing for January 25, 1989, to review Gilbert's progress.

On January 25, 1989, the director of the alcohol abuse program appeared in court and asked for a continuance so that Gilbert could complete the program. The trial court continued the proceeding until April 26, 1989. On April 26, 1989, Gilbert failed to appear at the hearing, and a bench warrant was issued for his arrest. Gilbert was subsequently arrested and appeared in court on November 17, 1989. On November 20, 1989, the director of the alcohol abuse program filed a "Petition To Execute Sentence"[3] asserting that Gilbert had failed to complete the alcohol abuse program. After a hearing on December 19, 1989, the trial court determined Gilbert had failed to complete the program, and the

trial court entered a judgment of conviction sentencing Gilbert to sixty days in jail, and fining him $150 plus costs.

## ISSUE

Whether the trial court erred when it failed to dismiss the "Petition To Execute Sentence"?

## DECISION

PARTIES' CONTENTIONS—Gilbert argues that because the statute authorizing the trial court to withhold its judgment provides that judgment may only be withheld for up to one year, the petition to execute sentence, filed almost twenty-two months after the judgment was withheld, was not timely and therefore should have been dismissed. The State responds that the statute does not require such a petition to be filed within one year of the withholding of the judgment and that the trial court properly exercised its discretion.

CONCLUSION—The trial court properly refused to dismiss the petition.

We are asked, for the first time, to consider the procedural requirements of Ind. Code 16–13–6.1–15.1 (1988) (hereinafter referred to as the statute), which provides, in pertinent part:

> "(a) In any criminal proceeding for a misdemeanor or infraction in which:
>
> (1) the use or abuse of alcohol, drugs, or harmful substances is a contributing factor or a material element of the offense; or
>
> (2) the defendant's mental illness (as defined under IC 16–14–9.1–1, other than substance abuse) is a contributing factor;
>
> the court may take judicial notice of the fact that proper early intervention, medical advisory, or rehabilitative treatment of the defendant is likely to decrease the

---

1. Ind.Code 9–11–2–2 (1988).

2. IC 9–11–2–1 (1988).

3. Because the trial court did not impose judgment or sentence Gilbert, the "Petition To Execute Sentence" was misnamed. An examination of the petition demonstrates that the form was typically used by the program director in connection with the revocation of a defendant's probation.

defendant's tendency to engage in antisocial behavior.

(b) Before conviction, the court, with the consent of the defendant and the prosecuting attorney, *may conditionally defer the proceedings described in subsection (a) for up to one (1) year.* The court may:

(1) order the defendant to satisfactorily complete an alcohol and drug service program, if the court makes a determination under subsection (a)(1);

(2) order the defendant to undergo treatment for the defendant's mental illness, if the court makes a determination under subsection (a)(2); and

(3) impose other appropriate conditions upon the defendant.

If the defendant violates a condition imposed by the court, the court may order the criminal proceedings to be resumed. If the defendant fulfills the conditions set by the court, the court shall dismiss the charges against the defendant."

(Emphasis supplied).

Gilbert's interpretation of the statute is that, if the trial court defers the proceedings against him for more than one year, then the trial court loses its jurisdiction to resume its proceedings and he must be discharged. Our reading of the statute, however, does not support Gilbert's assertion. It is a fundamental rule of construction that a statute should be construed so as to ascertain and give effect to the legislative intent. *Spaulding v. International Bankers Services, Inc.* (1990), Ind., 550 N.E.2d 307; *Wallis v. Marshall County Com'rs* (1989), Ind., 546 N.E.2d 843; *Whitley v. State* (1990), Ind.App., 553 N.E.2d 511; *Alvers v. State* (1986), Ind.App., 489 N.E.2d 83, *trans. denied.* Words and phrases are to be taken in their plain, ordinary and usual sense unless a different purpose is manifested by the statute itself. *Spaulding, supra; McAnalley v. State* (1987), Ind., 514 N.E.2d 831; *Whitley, supra.*

■ The statute provides that the proceedings against a defendant may be deferred "for up to one (1) year." The statute does not require that proceedings, once resumed, must be *completed* within one year from the withholding of judgment, and nothing in the statute can be read as prohibiting a trial court from continuing the proceedings after its consideration has been resumed. Its intent is to afford the trial court the discretion to enroll a defendant such as Gilbert in a rehabilitative treatment program in the hopes that the defendant's tendency to engage in antisocial behavior be decreased.

Loss of jurisdiction over a criminal proceeding if judgment was withheld for more than one year does not creep into the meaning of the language used. Such a construction could hamper the court's discretion to withhold its judgment for defendants who might need more than one year to complete a rehabilitative program.

A continuance for the benefit of a defendant to enable him to complete a rehabilitation program furthers the legislature's manifest desire to allow drug or alcohol abusing defendants the possibility of treatment rather than punishment. The legislative hope that treatment would reduce the recurrence of criminal behavior caused by substance abuse would certainly be thwarted by Gilbert's proposed construction of the statute.

In connection with withheld judgments, Ind.Rules of Procedure, Trial Rule 53.2,[4] provides that if a trial court fails to issue a judgment within ninety days after it has taken a matter under advisement, the case may be withdrawn from the trial court and transferred to the supreme court for the appointment of a special judge. Trial Rule 53.2(A). Therefore, if Gilbert did not want the trial court to continue the disposition of his case to allow him to complete the alcohol abuse program, he could have sought the appointment of a special judge.[5]

---

**4.** Trial Rule 53.2 is applicable in criminal proceedings in accordance with Ind.Rules of Procedure, Criminal Rule 15.

**5.** We observe that Gilbert did not object to the continuance granted on January 25, 1989. Even under Ind.Rules of Procedure, Criminal Rule 4, which provides that a defendant will be dis-

■ It is apparent from the record that the proceedings against Gilbert were not deferred for more than one year. The record shows that the trial court withheld its judgment on January 27, 1988. *Record* at 58. The proceedings were continued until January 25, 1989, *record* at 58, less than one year from the withholding of the judgment. On January 25, 1989, the proceedings were resumed and the trial court granted the director of the alcohol abuse program a continuance so she could determine whether Gilbert had completed the program. *Record* at 59. The proceedings were continued until April 26, 1989, at which time Gilbert failed to appear. *Record* at 60. Gilbert was eventually apprehended and it was determined he had failed to complete the alcohol abuse program. *Record* at 147–49.

Because the statute does not provide that the trial court would lose its jurisdiction of the proceeding if a judgment was withheld for more than one year, we conclude that the trial court properly refused to dismiss the "petition to execute sentence."

Judgment affirmed.

CONOVER, J., concurs.

SHIELDS, P.J., concurs in result with opinion.

SHIELDS, Presiding Judge, concurring in result.

I concur with the majority opinion in so far as it concludes a trial court does not lose jurisdiction of a pending criminal cause if a judgment in the cause is withheld for more than one year. IC 16–13–6.1–15.1 (1988) does not impact upon, define, or limit the trial court's jurisdiction as that word is correctly used.

I vote to affirm the judgment of the trial court on the grounds a defendant who seeks dismissal of a cause in which judgment has been withheld pursuant to IC 16–13–6.1–15.1 because the trial court has not held a hearing within one year has the same duty to object to the trial court's omission as that imposed upon a defendant who seeks discharge for the trial court's failure to comply with Ind.Criminal Rule 4. Thus, Gilbert's motion to dismiss was properly denied by the trial court because Gilbert failed to object to the trial court's grant of the State's motion to continue the January 25, 1989 hearing set to review his progress and to the subsequently reset hearing dates.

charged if not brought to trial within one year of his arrest, a defendant's right to discharge can be waived if a timely objection is not made.

*Hood v. State* (1990), Ind., 561 N.E.2d 494; *Pasha v. State* (1988), Ind., 524 N.E.2d 310.