GAEBLER ET AL. *v.* TOWN OF ROCKVILLE ET AL.

[No. 14,476. Filed April 19, 1933. Rehearing denied
June 30, 1933.]

*Mark E. Nebeker, C. Roy Collins, Silas C. Kivett,* and *Joseph L. Kivett,* for appellants.

*James Hanner, John S. McFaddin, John M. McFaddin,* and *Howard C. McFaddin,* for appellees.

KIME, P. J.—This was an action by appellant seeking to enjoin the enforcing of liens and to cancel such liens asserted against the property of appellants. The liens in question were the result of the improvement of part of Ohio Street in the town of Rockville, Indiana, which is the main east and west street in said town, and has been such main street since the original plat of the town in 1824. This street is over 60 feet in width over the entire part of same from the Pennsylvania Railroad west to State Road 41, which runs north and south through the west part of Rockville. The part of said road or street in controversy in this action runs from said railroad to said State Road 41—about eight-tenths of a mile in distance.

In the Spring of 1928 a large number of petitioners, under Section 8380, et seq. Burns Ann. St. 1926 (being the statutes providing for township construction of improved roads by taxation), filed their petition for the improvement by paving with concrete that part of Ohio Street from State Road 41 aforesaid to the east corporation line of the town of Rockville, about three squares farther east than aforesaid railroad tracks, and under said statutes, notice was given, viewers appointed and the regular statutory steps followed, including two appeals to the State Board of Tax Commissioners by remonstrances, until said pavement was completed 18 feet in width following approximately the center line of Ohio Street. This left unimproved and unpaved approximately 9 feet on each side of said 18-foot strip of pavement, between the sides of said pavement and the curb lines of said street, on each side of which curb lines were sidewalks running parallel with said concrete 18-foot strip.

That following the construction of said 18-foot pavement a petition was presented to the Board of Trustees of Rockville, Indiana, asking that the strips on each side of the 18-foot pavement be paved between the 18-foot pavement and the curb lines of said street between said railroad and said State Road No. 41, leaving the east end of the street from the railroad to the east corporation line paved but the original 18 feet in width. Some of the petitioners for the widening of said pavement are also plaintiffs in this action. The Board of Trustees of the town of Rockville accepted such petition and finally decided to pave such 9-foot strips on each side of the 18-foot pavement (under what is known as the Barrett Law) to be paid for by assessment of the abutting property, and did proceed in accordance with Indiana

statutes, made such improvement and assessments as provided by the statutes under which said board was proceeding.

Following the construction of such improvement in 1929, plaintiffs filed their complaint herein to enjoin the collection from plaintiffs' tracts of real estate abutting on said road, the respective assessments made against each of said tracts, plaintiffs contending that such part of Ohio Street so improved was a part of the state highway system, and at the time said petition, notice and proceedings were had before the Board of Commissioners of Parke County, Indiana, and before the Board of Trustees of the town of Rockville and they had no statutory authority or color of law by which said boards improved said Ohio Street.

The question presented by this appeal is identical with that in *Town of Brownsburg et al.* v. *Trucksess et al.* (1934), (Ind. App.), 185 N. E. 315, and upon authority of that case we hold that the Parke Circuit Court committed no error in sustaining appellees' demurrer, which action was the only error assigned.

Therefore, the judgment is in all things affirmed and it is so ordered.