TOWN OF BROWNSBURG *v.* TRUCKSESS ET AL.

[No. 14,414.   Filed April 19, 1933.   Rehearing denied June 30, 1933.
Transfer denied March 9, 1934.]

Arthur Metzler, Edgar M. Blessing, and Harney Semones, for appellants.

Andrew N. Foley, Bernard B. Foley, Silas C. Kivett, and Joseph T. Kivett, for appellees.

KIME, P. J.—The appellees (plaintiffs below) brought this action as property owners of the Town of Brownsburg against appellants to set aside and cancel assessments levied against real estate of appellees for paving a portion of Main Street of said town under the Barrett Law and to enjoin appellants from taking any steps to enforce the collection of the assessments, the complaint being upon the theory that the State Highway Commission had complete jurisdiction over said Main Street and that the Town of Brownsburg had no authority or jurisdiction to levy the assessments. The assessments were for the construction of two strips of paving nine feet wide (on either side of an eighteen foot strip through the center of the street) laid by appellant, Indiana Road Paving Company, under a contract with said town.

The complaint was in one paragraph, and was not filed until the work of appellant, Indiana Road Paving

Company, was fully performed and the pavement entirely completed, and the final assessment roll approved and ordered delivered to the town treasurer.

The appellants other than Indiana Road Paving Company filed an answer to the complaint in two paragraphs, the first of which was a general denial. To the second paragraph of answer appellees filed a demurrer on the ground that it did not state facts sufficient to constitute a cause of defense. This demurrer was overruled. Appellant Indiana Road Paving Company also filed an answer in two paragraphs, the first of which was a general denial, and to which second paragraph appellees filed a demurrer. This demurrer was overruled and appellees filed replies in denial to said second paragraph of answer.

Trial by court with a request by appellants and appellees for a special finding of facts and conclusions of law thereon.

The conclusions of law were as follows:

"1. That the Town of Brownsburg, Hendricks County, Indiana, was without jurisdiction to make assessments against the properties of appellees for the improvement of Main street and that the assessments as to each of the properties of appellees are without warrant of law and invalid.

"2. That the lien asserted by appellants and each of them against the several parcels of real estate of appellees and each of them is invalid and should be set aside and cancelled and held for naught.

"3. The appellants, and each of them, should be forever enjoined from asserting any lien against the several tracts and parcels of real estate owned by appellees in Brownsburg for the improvement of of Main street as set out in the special findings."

The court rendered judgment in favor of appellees, setting aside the several assessments purporting to constitute a lien upon the separate and several properties of appellees and perpetually enjoined appellants and

each of them and their respective successors in office from taking any steps or performing any acts or prosecuting any proceedings to enforce collection of any assessments against the appellants or any of them and/or as against the several properties of appellants.

Joint and several motions for a new trial were filed, which were overruled. Errors assigned here are the overruling of said motions, and that the court erred in its conclusions of law numbers 1, 2, and 3.

The question presented is—does a town of not to exceed 2500 population have the power and right to improve the extra width of a street and charge the cost of the same to the abutting property when such street has been designated as a state road by the highway commission and an eighteen foot strip through the center thereof improved by the commission.

The agreed statement of facts and the special findings disclose that the town met all the requirements of the so-called Barrett Law and proceeded regularly under that law to and including the final acceptance of the work of the paving company in the improvement of that part of Main Street of the town not improved by the commission, and that all this was done after the filing with the town of a petition signed by a majority of the property owners on Main Street asking the town to improve the extra width of Main Street, and that the work of paving the extra width under the contract with the town was done after the 18 foot strip of concrete was caused to be laid by the commission along the center of the street and that the paving of the extra width was completed prior to July 9, 1928.

It is an undisputed fact that the petition of a majority of the property owners to pave the extra width was filed on May 18th, 1927, whereas the entry in the records of the commission adding to the state highway system the diagonal road from Indianapolis to Craw-

fordsville was not made until June 16, 1927, and that on June 15, 1927, the day before the entry was made by the commission, the town assumed jurisdiction over the improvement of a part of Main Street and that day passed the preliminary resolution for such improvement, and thereafter proceeded regularly to make the improvement.

The agreed stipulation of facts and the findings disclose further that prior to the completion of the improvement of the extra width of Main Street by the paving company, no notice or remonstrance in writing was presented or filed with the town or any officers thereof by any of the appellants or any other property owner questioning the validity of the proceedings or authority of the town to construct the improvement nor to assess the costs thereof to abutting property owners, nor were there any objections or remonstrances of any kind or character filed with the town in any way questioning the amount of the assessed benefits as shown in the assessment roll, prior to the completion of the work. Finding 24 of the court shows that at the time of the executing of the contract between the town and the paving company, and at all times thereafter and during the time the work was being completed under the terms of the contract, the appellees knew that the work was being constructed and that the town would attempt to levy the cost of constructing the same against abutting property owners under the Barrett Law and finding No. 20 shows that the question as to the authority of the town to make the improvement was an open question.

The appellees contend that the state highway commission had absolute and exclusive jurisdiction over streets in towns of this size (2500 or less) when they had been included in the system. Appellees rely greatly

upon Section 8289, Burns Ann. St. 1926, which reads as follows:

"8289.    Highways connecting with unimproved streets.   If any state highway connects at the corporate limits of any city or of any town having a population of more than twenty-five hundred, as shown by the last preceding United States census, with an unimproved street of such city or town, the state highway commission may, in its discretion, improve the same as a part of such state highway; and if any state highway connects at the corporate limits of any town having a population of not to exceed twenty-five hundred, as shown by the last preceding United States census, with an unimproved street of such town, the state highway commission shall select, mark and maintain such street. until such time as it may improve the same as a part of a state highway, and after such street shall have been improved as a part of such state highway, such street shall thereafter be maintained as a part of such state highway; and if any state highway connects at the corporate limits of any town having a population of not to exceed twenty-five hundred, as shown by the last preceding United States census, with an improved street of such town, the state highway commission shall select, mark and maintain the same as a part of such state highway.

"If a street of any incorporated city or town is improved under the provisions of this act, and the expense per mile of such improvement is greater than the average expense of improvement of such road outside of the corporate limits of the city or town, then and in that event, the extra expense shall be paid by the city or town to the state highway fund.   The common councils or boards of trustees of such city or town shall levy a tax upon the whole property of the city or town, at such rate as will be sufficient to produce an amount equal to seventy-five per cent of the extra expense to be paid by such city or town, and twenty-five per cent of such extra expense shall be assessed as benefits against the abutting property, in the manner provided by law for such assessments, to pay the amount due to the state for such improvement. The provisions of this act shall be construed in con-

formity to and in compliance with the provisions of the federal act which extends federal aid to the states for the construction of highways in municipalities having a population of not to exceed twenty-five hundred, as shown by the last preceding United States census, except that portion of any such highway or street, along which, within a distance of one mile, the houses average more than two hundred feet apart."

Appellees say that this construction was done under this section and hence this section provides the only method of payment.

That part of the section which reads—"If a street . . . is improved *under the provisions of this act*" and the expense is greater than outside the town it shall be paid for in the manner there provided. The street was not improved under the provisions of this act. The court found expressly in finding No. 9 that this construction "was not made directly or indirectly by the Indiana State Highway Commission, but was made under the proceedings shown in finding No. 7 and the contract set out in finding No. 8." Finding No. 7 was to the effect that this was upon petition of the majority of property owners and the contract in finding No. 8 was a contract between the town and the paving company.

If this construction had been *under the provisions of this act* the contract would necessarily have been let by the commission after the plans, etc., had been prepared by the chief engineer, and an advertisement for bids made, all as set out specifically in the act.

The provisions of section 8289 would only apply where the street was improved by the commission.

This section also provides as follows: "if any state highway connects . . . with an unimproved street . . . the commission shall select, mark and maintain . . . until such time as it may improve the same as a part of such state high-

way." From this language it cannot be said to be the intent of the legislature that towns, if they so desire, are to be prohibited from paving such portion as the commission fails to pave, or be forced to wait the pleasure of the commission before they can have a paved street.

The act of 1919 did not repeal expressly any act except the Highway Commission Act of 1917. It is a reasonable presumption that legislatures pass all laws with a knowledge of those already existing and the judicial interpretation placed thereon, and that a legislature does not intend to repeal an act without a specific reference thereto. Repeals by implication are not favored, and since they are not we find that where there are two or more acts on a subjects, such a construction must be made, if possible, as will give effect to all. It is only where later acts are so repugnant to earlier ones that they both cannot stand that the earlier is repealed by implication. Statutes must be construed in the most beneficial way the language will permit to prevent absurdity, hardship, or injustice; to favor public convenience and to oppose all prejudice to public interests.

Appellees certainly cannot maintain that the question of the jurisdiction of the town to improve the extra width of Main Street was so clearly removed by The Commission Act that the question is free from doubt and not debatable for did not the court below find the fact to be that the question was "an open question"? Neither can appellees reasonably maintain that the determination as to how much of a street in a town over which a state road passes the state must pave is prescribed by the Commission Act for there is nothing in the Commission Act to declare how much, and to give it the interpretation that if the industrial progress of the town, the comfort, enjoyment, and

necessity of its citizens require the pavement of the entire width of Main Street, the commission can be compelled to pave the entire width would be in violation of the decisions requiring a reasonable and just interpretation of a law, since to compel the state at large to pay for the extra width would be an injustice and citizens outside the town would be compelled to pay for special benefits not received by them that are received by citizens within the town and the town itself.

And if the Commission Act gives to the commission the authority and discretion to determine how much of Main Street it will pave as appellants claim it ▪ unquestionably does, for this court to hold that under such an interpretation other laws have been repealed insofar as any power is vested in the town to pave any part of Main Street not paved by the commission nor manifested by the commission as intended to be paved, would be a violation of the decisions requiring a reasonable and just interpretation of the law since such interpretation would, as we have already said, deny to the town the right to construct the extra width of pavement which when constructed would give to the town and its property owners benefits not derived by citizens outside of the town.

Therefore, we hold that the Highway Commission Act of 1919 did not repeal the laws giving towns power to improve streets and assess costs to abutters, and that the insertion of a general repealing clause adds nothing to the effect of the act. *Reading* v. *Shepp* (1892), 2 Pa. Dist. Ct. 137; *North Towanda* v. *Bradford Co.* (1893), 2 Pa. Dist. Ct. 517; *State* v. *Yardly* (1895), 95 Tenn. 546, 32 S. W. 481, 34 L. R. A. 656.

The judgment of the Montgomery Circuit Court is reversed with instructions to restate its conclusions of law and render judgment in harmony with this opinion.