George SISKIND, Plaintiff-Appellant,

v.

Naomi SISKIND, Defendant-Appellee.

No. 1–480A79.

Court of Appeals of Indiana, First District.

Feb. 4, 1981.

Rehearing Denied March 5, 1981.

Franklin I. Miroff and Sorelle J. Ancel, Ancel, Friedlander, Miroff & Ancel, P. C., Indianapolis, for plaintiff-appellant.

Paul E. Brown, Brown, Zimmerman & Arany, Indianapolis, for defendant-appellee.

ROBERTSON, Judge.

George Siskind (George) appeals a judgment granting a garnishment on behalf of his former wife Naomi Siskind (Naomi).

The judgment is affirmed.

George and Naomi Siskind were divorced in 1970 and entered into an agreement regarding custody, support, property settlement and alimony. The terms of the agreement required George to pay Naomi a fixed sum per month. The payments could be reduced or terminated if certain conditions occurred. The payments were to increase or decrease in proportion to the cost of living. Naomi filed a Petition for Proceedings Supplemental seeking to recover an arrearage in alimony. The trial court entered an order which subjected fifty-five percent (55%) of George's disposable earnings to garnishment. The order subjected George's wages and his earnings from a private enterprise to garnishment.

George appeals this order claiming that a garnishment of fifty-five percent is contrary to law and argues that the maximum amount of his income subject to garnishment is twenty-five percent (25%) of his disposable earnings pursuant to *Ind.Code* 24–4.5–5–105(2). The section provides the following exception to the twenty-five percent limitation:

Notwithstanding any exemption or other law, the maximum part of the aggregate disposable earnings of an individual subject to garnishment under this section shall be subject to garnishment except this provision shall not apply to any order of any court for the support of any person. Nor shall this provision apply to decrees awarding alimony or attorney's fees therein when the decree awarding such support, alimony or attorney's fees specifies the amount or percentage of the disposable earnings to be applied thereon.

George urges that the plain meaning of this section requires a construction that interprets the phrase "support of any person" to mean the support of any person other than a divorced husband or wife. George also argues that the language referring to "decrees.awarding alimony" must be interpreted to be subject to the twenty-five percent limitation unless the divorce decree specifically states that the payment comes from disposable earnings.

We cannot accept the interpretations that George proposes because the language of IC 24–4.5–5–105 is clear and unambiguous on its face. *See, Dyche v. Dyche,* (Mo.1978) 570 S.W.2d 293. In construing a statute, it is the duty of the court to give effect to the plain meaning of the language used. *State ex rel. Bynum v. La Porte Superior Court, No. 1,* (1973) 259 Ind. 647, 291 N.E.2d 355. We cannot construe the language referring to alimony awards as requiring divorce decrees to specifically contain language designating payment from disposable earnings. There is simply no language within the statute to support this interpretation. Similarly, we cannot construe the words "for the support of any person" to exclude a former spouse from meeting the provisions of the exception to IC 24–4.5–5–105(2). The intent of the exception was not to limit any person who was receiving a valid order for support or alimony to garnish only twenty-five percent of one's disposable earnings.

The judgment is hereby affirmed.

NEAL, P. J., and RATLIFF, J., concur.