Charles D. JONES and Nancy J. Jones, Appellants (Defendants Below),

v.

HENDRICKS COUNTY PLAN COMMISSION, Appellee (Plaintiff Below).

No. 1–981A286.

Court of Appeals of Indiana, First District.

May 19, 1982.

Robert .E. Stewart, Guido & Stewart, Danville, for appellants.

Gregory W. Black, Lind, Deckard & O'Brien, Danville, for appellee.

ROBERTSON, Judge.

The defendants-appellants, Charles D. and Nancy J. Jones, (homeowners), appeal from a trial court judgment finding that their

house did not meet the minimum square foot requirements of the Hendricks County Zoning Ordinance. The judgment resulted from a suit brought by the plaintiff-appellee, Plan Commission, to enjoin the homeowners from occupying the structure in question. We affirm.

The homeowners raise three issues. The first asserts that the trial court erred in its construction, interpretation, and application of the zoning ordinances in relation to the homeowners. The other two issues challenge the constitutionality of the judgment alleging that it violates due process and that the ordinance is ambiguous.

Facts relating to the first issue show that the homeowners applied for and were issued an improvement location permit in March, 1969. The application specified that it was for, among other things, "basement 4 bedrooms". The homeowners, who were doing their own construction, were called before the Plan Commission in 1975 and 1976 to show cause why they had not completed the structure as called for in their application for the improvement location permit. Two years later, the homeowners moved into the structure, which was about seven years after the improvement location permit was granted. The structure had not been completed nor had a certificate of occupancy been issued. The structure has concrete block walls, a living room with panelled walls, three bedrooms, a dining area, a kitchen, utility room, bath and shower, suspended ceilings a forced air furnace, and contains more than 1700 square feet of space. The Hendricks County Surveyor testified that the average elevation of the ground surrounding the structure was 3.52 feet above its floor level. Additionally, the trial court heard evidence from the homeowners that they intended to build a second level when they could afford to do so.

The trial court's judgment held, among other things, that the homeowners have not yet constructed the ground floor upon which the ground floor area requirement can be computed and that the homeowners are occupying an uncompleted structure without a certificate of occupancy as required by the zoning ordinance. The homeowners were given six months to bring the structure into compliance or they would be enjoined from occupancy of the structure.

As their first issue, the homeowners claim error as a matter of law in the trial court's interpretation and application of the Hendricks County Zoning Ordinance.

Central to this issue are definitions contained in the zoning ordinance. "Ground floor area" is defined as the square-foot area of a residential building within its largest outside dimensions computed on a horizontal plane at the ground floor level. "Lot, ground level," insofar as it is applicable to this issue, is defined as the average level of the ground adjacent to the exterior walls of the building. The ordinance does not contain a definition of "ground floor level".

The homeowners contend that the trial court erred by determining that the floor which is to be utilized in computing the minimum square footage must be at ground level or slightly above ground level. The homeowners contend that the trial court construed the term ground floor level contrary to the plain and ordinary meaning of this term. The homeowners submitted the following definition:

Ground floor—the floor of a house on a level or nearly so with the exterior ground.

*New Webster Encyclopedic Dictionary of the English Language.*

Rules of statutory construction are to be applied in construing an ordinance. *Metropolitan Board of Zoning Appeals of Marion County v. Shell Oil Co.,* (1979) Ind.App., 395 N.E.2d 1283. When an appellate tribunal is called upon to construe a statute, it must first determine whether the statute is uncertain and ambiguous so as to warrant construction, *Indiana State Highway Commission v. White,* (1973) 259 Ind. 690, 291 N.E.2d 550. If the language is ambiguous, the court must search for legislative intent. *State ex rel. Bynum v. LaPorte Superior Court No. 1,* (1973) 259 Ind. 647, 291 N.E.2d 355. Courts interpret stat-

utes for the purpose of ascertaining legislative intent which must be determined primarily from statutory language, and such language must be reasonably and fairly interpreted to give the statute efficient operation and to give effect, if possible, to expressed legislative intent. *State ex rel. Roberts v. Graham*, (1953) 231 Ind. 680, 110 N.E.2d 855. In construing a statute, it is the duty of a court to give effect to the plain and ordinary meaning of the language used. *State ex rel. Bynum v. LaPorte Superior Court No. 1, supra.*

■ We believe that the trial court correctly analyzed and applied the provisions of the Hendricks County Zoning Ordinance. In computing the ground floor area, one must base his calculation upon the horizontal plane at "ground floor level". Although "ground floor level" is not defined within the ordinance, the plain and ordinary meaning of the term ground floor area manifests a calculation based upon the floor which is level to the ground. In the present case, the floor was 3.52 feet below the level of the ground, and therefore was a non-complying structure.

The homeowners contend that the trial court's holding is contrary to the plain meaning of the provision of the ordinance. The homeowners submitted their definition of the term "ground floor" as the floor of a house on a level or nearly so with the exterior ground. Even if this court were to adopt this definition, we believe that the evidence shows that the floor which the homeowners inhabit is not "level or nearly so with the exterior ground" because of the depth of the floor as compared to the ground level and that this floor was designed to be a basement.

■ The second issue on appeal is whether the application of the ordinance violates the homeowners' rights of equal protection. The homeowners contend that the Commission was selectively enforcing provisions of the ordinance against them. The mere failure to prosecute others who may be violating the law does not excuse appellant's violation or bar prosecution against the appellant. *Highland Sales Corp. v. Vance*, (1963) 244 Ind. 20, 186 N.E.2d 682. The evidence revealed that this was the first time that such a problem was brought to the Commission's attention. We remain unpersuaded that the provisions were selectively enforced against the homeowners.

■ The final issue upon appeal is whether the application of the ordinance violated the homeowners' rights of due process. The homeowners contend that their constitutional rights of due process have been violated because the definitions contained in the ordinance are so vague and indefinite that it fails to establish ascertainable standards. *See, Podgor v. Indiana University*, (1978) Ind.App., 381 N.E.2d 1274. The homeowners also contend that the application of the ordinance is arbitrary and capricious.

The evidence fails to support the argument that the definitions within the ordinance do not establish an ascertainable standard because the Plan Commission had attempted to persuade the homeowners to bring the structure into compliance prior to initiating the law suit. The homeowners' original improvement location permit also demonstrated that the floor in question was originally intended to be a basement. The Plan Commission also presented evidence that the ordinance's provisions were rationally related to protect the health and safety of their constituents.

The judgment is affirmed.

RATLIFF, P. J., and NEAL, J., concur.