**HERFF JONES, INC. Successor in Interest to Herff Jones, Division of Carnation Company, Petitioner,**

v.

**STATE BOARD OF TAX COMMISSIONERS, Harold E. Bean, Jr., Marion County Assessor, Faye I. Mowery, Marion County Auditor, Edward R. Buckley, Marion County Treasurer, and James P. Maley, Jr., Center Township Marion County Assessor, Respondents.**

No. 49T05–8610–TA–00030.

Tax Court of Indiana.

Jan. 30, 1987.

Michael S. Walsh, Lawrence, Carter, Gresk, Leerkamp & Walsh, Larry J. Stroble, Barnes & Thornburg, Indianapolis, and Frances W. Hardy, Asst. Corp. Counsel, City of Indianapolis, Indianapolis, for petitioner.

Linley E. Pearson, Atty. Gen. by James R. Green, Deputy Atty. Gen., Indianapolis, for respondents.

ORDER ON RESPONDENT'S MOTION FOR THE COURT TO ASSERT ITS EXCLUSIVE JURISDICTION IN THIS CAUSE

FISHER, Judge.

This matter comes on Respondent's Petition for the Court to Assert its Exclusive Jurisdiction in this cause and the Response filed thereto reading as follows:

(H.I.)

At the very least, it can be said that the documents filed by Petitioner with the local authorities, the actions of the Respondents, and the statutes involved are somewhat inconsistent, ambiguous, and confusing and do not present a clear path for this court to follow. (It is hoped that this Order does not add to this ambiguity and confusion.) Nor are the arguments and briefs of counsel paragons of persuasion.

The relevant statutes are IC 33-3-5-2 hereinafter referred to as Statute 33:

Sec. 2. (a) The tax court is a court of limited jurisdiction. The tax court has exclusive jurisdiction over any case that arises under the tax laws of this state and that is an initial appeal of a final determination made by:

(1) the department of state revenue; or

(2) the state board of tax commissioners.

(b) The cases over which the tax court has exclusive jurisdiction are referred to as original tax appeals in this chap-

ter. The tax court does not have jurisdiction over a case unless it is an original tax appeal.

IC 6–1.1–15–12 hereinafter referred to as Statute 15–12:

Sec. 12. (a) Subject to the limitations contained in subsections (c) and (d), a county auditor shall correct errors which are discovered in the tax duplicate for any one (1) or more of the following reasons:

(1) The description of the real property was in error.

(2) The assessment was against the wrong person.

(3) Taxes on the same property were charged more than one (1) time in the same year.

(4) There was a mathematical error in computing the taxes or penalties on the taxes.

(5) There was an error in carrying delinquent taxes forward from one (1) tax duplicate to another.

(6) The taxes, as a matter of law, were illegal.

(7) There was a mathematical error in computing an assessment.

(8) Through an error of omission by any state or county officer the taxpayer was not given credit for an exemption or deduction permitted by law.

(b) The county auditor shall correct an error described under subsection (a)(1), (a)(2), (a)(3), (a)(4), or (a)(5) when he finds that the error exists.

(c) If the tax is based on an assessment made or determined by the state board of tax commissioners, the county auditor shall not correct an error described under subsection (a)(6), (a)(7), or (a)(8) until after the correction is either approved by the state board or ordered by a court that has jurisdiction over the matter.

(d) If the tax is not based on an assessment made or determined by the state board of tax commissioners, the county auditor shall correct an error described under subsection (a)(6), (a)(7), or (a)(8) only if the correction is first approved by at least three (3) of the following officials:

(1) The township assessor.

(2) The county auditor.

(3) The county treasurer.

(4) The county assessor.

However, if two (2) of these officials do not approve such a correction, the county auditor shall refer the matter to the state board of tax commissioners for final determination.

(e) If a correction or change is made in the tax duplicate after it is delivered to the county treasurer, the county auditor shall transmit a certificate of correction to the county treasurer. The county treasurer shall keep the certificate as his voucher for settlement with the county auditor.

IC 6–1.1–26–4 hereinafter referred to as Statute 26–4:

Sec. 4. (a) A county auditor shall submit a refund claim filed under section 1 of this chapter to the county board of commissioners for final review after:

(1) the state board of tax commissioners either approves or disapproves the claim if the claim is reviewed by the board either directly under section 2 of this chapter or on appeal under section 3 of this chapter; or

(2) the appropriate county officials either approve or disapprove the claim and, if the claim is disapproved, an appeal to the state board of tax commissioners is not initiated under section 3 of this chapter.

(b) The county board of commissioners shall disallow a refund claim if it was disapproved by:

(1) the state board of tax commissioners; or

(2) one (1) of the appropriate county officials and an appeal to the state board of tax commissioners was not initiated under section 3 of this chapter.

(c) Except as provided in subsection (b) of this section, the county board of commissioners may either allow or disallow a refund claim which is submitted to it for final review. When the

county board disallows a claim, the claimant may appeal that decision to the county circuit court. If the claimant initiates an appeal, any board, officer, or commissioner who disapproved or disallowed the claim may be made a defendant to the action.

Since neither counsel has suggested that the matter under dispute is not an "assessment", the court will assume for the purposes of this motion that the matter in controversy, a penalty imposed pursuant to IC 6–1.1–37–7, is an assessment.

50 IAC 4.1–1–14 sets out the procedure for correction of errors pursuant to statute 15–12 and prescribes the use of Form 133.

In this case, the Petitioner filed Form 133 pursuant to the regulations and added the words "and for refund" to the printed form entitled "Petition for Correction of Error." In the first printed line of Form 133, wherein the claimant "hereby petitions for correction of an error," Petitioner inserted the words "and a refund (per attached Form 17T)." However, Form 17–T is not included in the transcript filed by the State Board of Tax Commissioners in this cause and one would assume that it was not received by the State Board but for the notice of hearing dated October 22, 1985, in which the State Board of Tax Commissioners refers to the Form 17–T. The Form 17–T, which is attached as an exhibit to the complaint, however bears no markings from any administrative agency and while same is purported to be signed by the Petitioner's agent, it is not dated.

Form 133 does not indicate when it was received by the Marion County Auditor, but on the reverse side it is shown to have been disapproved on September 20, 1985, by the Center Township Assessor, disapproved on September 26, 1985, by the Marion County Assessor, and disapproved on September 27, 1985, by the Marion County Auditor and Marion County Treasurer. It was then received by the State Board of Tax Commissioners on October 10, 1985. The action by the above local officials is in accordance with the provisions of statute 15–12(d). This statute also provides that if any two of the above stated local officers disap-

prove the correction of error it shall be sent to the State Board for *"final determination."* IC 6–1.1–15–12(d) (emphasis added).

On September 18, 1986, the State Board denied the Petition for Corrections of Errors on Form 133, referring to statute 15–12 and also referring to written findings in case 85–493–53. These written findings are included in the transcript and refer to statute 15–12 as authorizing the hearing and are dated September 3, 1986. The rest of the decision refers to IC 6–1.1–37–7 and other statutes relevant to the matter in controversy including IC 6–1.1–15–13, which relates to notice and which statute advises the right to "obtain a review or initiate an appeal under this chapter" [Chapter 15]. The State Board, however, in the last sentence of the findings says "disapproves the taxpayers claim for refund." The language at the bottom of the findings refers to Chapter 15 and advises the taxpayer about the appellate procedures including appealing to the Tax Court. It appears that the documents filed and considered by the local officials and the State Board of Tax Commissioners all surround the correction of errors and statute 15–12. The question then to be addressed is whether the alleged filing of Form 17–T, the language of the State Board in the findings of September 3, 1986, and the typed phrasing on Form 133 referring to a refund, make this matter one which falls under Chapter 26. I think not.

Petitioner in oral argument avers that the only reason Form 133 was used was because the Marion County Auditor would not accept Form 17–T without Form 133 and so Petitioner was compelled to file Form 133 with the typed language added.

This court is not unmindful of the frustrations felt by members of the Bar when public officials in the executive branch insist that they follow a procedure which the attorney believes to be incorrect and not according to law and even prejudicial to his client's position (to say nothing of the frustration felt when the judicial branch so insists) but there are ways of overcoming such insistence. The court is not per-

suaded by the "devil made me do it" argument.

■ Counsel for the Petitioner has also filed "Requests for Admissions." Respondents Marion County Assessor, Marion County Auditor, Marion County Treasurer were requested to admit or deny that they disallowed Petitioner's claim for refund pursuant to IC statute 26–4(b). This request was admitted. They were also requested to admit or deny that they disallowed the refund claim prior to the filing of this lawsuit. This was also admitted. This was admitted by their attorney but nowhere in the record is it indicated that these officials disallowed anything except on Form 133 in September, 1985. The admission seems to contradict Form 133 as filed and creates more ambiguity and confusion. This court has reservations as to the propriety of said request for admissions. *See F.W. Means & Co. v. Thomas W. Carstens* (1981), Ind.App., 428 N.E.2d 251. However no objections were raised and therefore, pursuant to Trial Rule 36, the matter admitted is conclusive as to the persons answering the request. Any admission, however, is not binding on the Respondent, State Board of Tax Commissioners, since the request was not directed to it. *See United States v. Curtis D. Wheeler* (W.D.Ark.1958), 161 F.Supp. 193.

■ The court, after reviewing the record and statutes, finds that the action of the Petitioner in his original filing and the action of the Respondents were taken pursuant to and are within the provisions of statute 15–12 (more specifically IC 6–1.1–15–12(d)) and not statute 26–4. In statute 15–12 appeals, the jurisdiction of the tax court is not challenged. Indeed it would seem that a claim for refund would not even lie until the error was corrected. *See* IC 6–1.1–15–11.

If, however, it is assumed that this cause is a claim for refund pursuant to statute 26–4, a clear problem of statutory construction is presented.

Petitioner asks the court to consider the legislative history. Respondent argues that the court should not consider legislative history, citing *Owens v. State* (1981) Ind.App., 424 N.E.2d 169, which stands for the proposition that Indiana courts are prohibited from looking behind the procedures leading to the enactment of legislation. The opinion of the court however goes on to provide that this applies in cases where the validity of the statute is in question. That is not the case here. In the case of *Roeschlein v. Thomas* (1972), 258 Ind. 16, 280 N.E.2d 581, 588, the Indiana Supreme Court said

> another instance where courts may examine journals of the Senate and the House is where a statute is ambiguous and in order to determine its true meaning, the journals are examined for legislative intent. In doing so the authentication of the statute itself is not in question. This has long been in the law in Indiana.

*See also Wayne Twp. v. Luthern Hospital* (1974), 160 Ind.App. 427, 312 N.E.2d 120. The Court finds then that it may look at the legislative history.

■ Counsel offers suggestions in their arguments and briefs as to how statute 33 and statute 26–4 should be reconciled and the court believes that if you take Petitioner's argument to its conclusion, a taxpayer could avoid tax court in all property tax cases by paying the tax, filing for a refund, and appealing its denial pursuant to statute 26–4. This would clearly frustrate the legislative intent of statute 33. The court further finds that if this case falls within statute 26–4, it is a case in which the local board has no discretion but can only deny the refund pursuant to the disapproval of the State Board of Tax Commissioners. *See* IC 6–1.1–26–4(b).

Respondent argues that the State Board's denial of the claim constitutes a "final determination" under statute 33, because under statute 26–4(b), the county board has no discretion to approve a claim which the State Board has disapproved. Respondent maintains that the only decisions reviewable by a circuit court under statute 26–4 are those in which local officials have the discretion to allow a claim. *See* IC 6–1.1–26–4(c).

Petitioner argues that although statute 33 and statute 26-4 appear inconsistent, an examination of legislative history makes it clear that the Legislature intended this result. In addition, Petitioner maintains that the applicable principle of statutory construction is the one by which a special statute, otherwise inconsistent with a general statute, prevails.

The legislative history of the act (House Bill 1861) which established the Tax Court could support either theory. [Initially, House Bill 1861 included amendments to statute 26-4. The only substantive change was to be a substitution of the tax court for the county circuit court in statute 26-4(c). However, this amendment was deleted upon a recommendation from the Committee on Courts and Criminal Code. When the bill was passed, statute 26-4 remained unchanged.] For example, it could be said that the Legislature intended that the "final review" made by county board of commissioners under statute 26-4(a) was indeed a "final determination." Under this theory, appeals would be taken to the circuit court even when the county board has no discretion to change the State Board's decision. See IC 6-1.1-26-4(b). Consequently it may be said that the scope of the circuit court's review in these cases would be either limited to ascertain whether the county board followed the directives of the state board and if not, then to simply direct the county board to do so (without review of State Board's decision) or broadened to include review of the actions of the State Board, in which case the circuit court's decisions might ultimately conflict with those of the tax court. This is the result when the principle of statutory construction advanced by Petitioner is applied. Statute 33 deals with appeals in general terms and statute 26-4 deals with this subject in a more detailed manner. Petitioner further argues that since they could be considered to be in irreconcilable conflict, the more detailed statute, statute 26-4, should prevail on the question of jurisdiction. See Indiana Alcoholic Beverage Comm'r v. Osco Drug (1982), Ind.App., 431 N.E.2d 823.

Another theory (similar to that advanced by Respondent) is that the Legislature understood statute 26-4(c) to address only those appeals in which the county board has the discretion to allow or disallow the claim. Hence, the Legislature decided to delete the reference to the tax court, intending that the circuit court retain jurisdiction of appeals from those claims in which the disagreement was of a purely local nature, being between the taxpayer and his local county board, without any decisive input from the State Board. Inherent in this interpretation of the statute is the assumption that decisions made by the State Board on the refund claims would be reviewable by the Tax Court under IC 6-1.1-15-5. This interpretation conforms to the principle of statutory construction which provides that "statutes relating to the same general subject matter are in pari materia and should be construed together so as to produce a harmonious statutory scheme." Sanders v. State (1984), Ind., 466 N.E.2d 424, 428. For example, where the State Board approves a refund claim under statute 26-2, but the county board ultimately disallows the claim under statute 26-4(c), the county board's decision is discretionary and therefore appealable to the circuit court under this interpretation of statute 26-4(c), even though the State Board has been involved in the decision process and was responsible for the disputed assessment in the first place. However, it is not the State Board with whom the taxpayer disagrees but the county board so it makes sense that the circuit court would hear the appeal. The same kind of situation would occur where the county board initially disapproves a claim under statute 26-3(a), the State Board reviews and approves the claim on appeal under statute 26-3(b), and then the county board opts to disallow the claim on final review under statute 26-4(c). Once again, despite the State Board's involvement, the real disagreement is between the local county board and the taxpayer.

"Another fundamental rule of statutory construction is that if a statute is susceptible to more than one interpretation, then the court may consider the consequences of

a particular construction." *Osco Drug,* 431 N.E.2d at 833. If Petitioner's position is extended, then all appeals involving refund claims under statute 26–4 are within the jurisdiction of the county circuit courts. A panoply of significant tax questions would be subject to resolution by the ninety-one separate circuit courts in this state. It is difficult to believe that this result was intended when House Bill 1861 was amended to delete the references to the tax court under statute 26–4(c), since consolidation of such cases was clearly the purpose of the act.

Based on all of the foregoing, the Court finds that in a statute 26–4 appeal, the legislative intent is that the tax court have jurisdiction of those refund cases where the county board of commissioners has no discretion to allow a refund claim where the State Board of Tax Commissioners has disapproved a claim. To find otherwise would permit a taxpayer to completely bypass the tax court by paying the tax and appealing under statute 26–4 in the circuit court. This would frustrate the intent of statute 33 and was not intended when the amendments to statute 26–4 were deleted from House Bill 1861.

Accordingly, for the reasons above stated the Respondent's Petition to Assume Exclusive Jurisdiction is granted and this court does now assume exclusive jurisdiction over this cause.