David J. LEEHAUG, Claimant,

v.

STATE BOARD OF TAX
COMMISSIONERS,
Respondent.

Lloyd L. SHONKWILER, Claimant,

v.

STATE BOARD OF TAX
COMMISSIONERS,
Respondent.

Nos. 49T10–9108–SC–00044,
49T10–9109–SC–00046.

Tax Court of Indiana.

Nov. 18, 1991.

David J. Leehaug, pro se.

Lloyd L. Shonkwiler, pro se.

Linley E. Pearson, Atty. Gen. of Indiana
and Lawrence N. Ferlicca, Deputy Atty.
Gen., Indianapolis, for respondent.

## ORDER ON RESPONDENT'S MOTION TO TRANSFER TO THE PLENARY DOCKET

FISHER, Judge.

The Claimants, David J. Leehaug and Lloyd L. Shonkwiler, appeal the State Board of Tax Commissioners' (State Board) final determinations of the assessed value of their property. Both appeals are filed as small tax cases [1] as provided by IND. CODE 33–3–5–12(a)(2) and Indiana Tax Court Rule 16(A). These cases are before the court on the State Board's motions to transfer them from the small claims docket to the plenary docket. Since these cases involve the same issue, the court considers them together.

### ISSUE

The question before the court is whether IC 33–3–5–12(a)(2) and Indiana Tax Court Rule 16(A) limit the small claims docket to appeals from the State Board involving a maximum assessed value $15,-000, or whether they limit the small claims docket to appeals in which the disputed amount of assessed value is less than $15,-000?

1. The term "small tax case" and "small claim" are used interchangeably and refer to cases that are filed and processed pursuant to IND.CODE 33–3–5–12 and Indiana Tax Court Rule 16.

DISCUSSION AND DECISION

The State Board's final determination of the assessed value of Leehaug's property is $60,990, and the State Board's final determination of the assessed value of Shonkwiler's property is $165,640. Leehaug claims the proper assessed value of his property should be an amount between $45,990 and $60,990, and Shonkwiler claims the proper assessed value of his property should be $154,684.80. The State Board contends the claimants' cases should not be permitted on the small claims docket since the final determinations of assessed value involved exceed $15,000. The claimants contend their cases are appropriate on the small claims docket since the disputed amounts of assessed value are less than $15,000.

The parties' differing contentions spring from the language of IC 33-3-5-12(a)(2) and Indiana Tax Court Rule 16(A). IC 33-3-5-12 provides:

(a) The tax court shall establish a small claims docket for processing:

(1) claims for refunds from the department of state revenue that do not exceed five thousand dollars ($5,000) for any year; and

(2) appeals of final determinations of assessed value made by the state board of tax commissioners that do not exceed fifteen thousand dollars ($15,000) for any year.

(b) The tax court shall adopt rules and procedures under which cases on the small claims docket are heard and decided.

Indiana Tax Court Rule 16, provides in relevant part:

(A) The term 'small tax case' means a case which involves either a claim for refund from the Department of State Revenue that does not exceed $5,000 for any year or an appeal of a final determination of assessed value made by the State Board of Tax Commissioners that does not exceed $15,000 for any year.

"In construing a statute, it is the duty of a court to give effect to the plain and ordinary meaning of the language used." *Jones v. Hendricks County Plan Comm'n*

(1982), Ind.App., 435 N.E.2d 82, 84 (citing *State ex rel. Bynum v. LaPorte Superior Court No. 1* (1973), 259 Ind. 647, 291 N.E.2d 355). " '[S]imple disagreement between the parties does not necessarily constitute ambiguity.' " *Johnson County Farm Bureau Coop. Ass'n, Inc. v. Indiana Dep't of State Revenue* (1991), Ind.Tax, 568 N.E.2d 578, 580 (quoting *Indianapolis Pub. Transp. Corp. v. Indiana Dep't of Revenue* (1987), Ind.Tax, 512 N.E.2d 906, 908, *aff'd*, (1990), Ind., 550 N.E.2d 1277). "[A]mbiguity exists ... when parties advance well reasoned, albeit differing, theories about a statute's meaning." *Id.* (citing *Pub. Transp.*, 512 N.E.2d at 908). In the case at bar, the claimants allege ambiguity results from the placement of the relative clause "that do not exceed fifteen thousand dollars ($15,000) for any year" in IC 33-3-5-12(a)(2) and the placement of the relative clause "that does not exceed $15,000 for any year" in Indiana Tax Court Rule 16(A). The claimants argue the placement of these relative clauses creates ambiguity because the reader is not sure which words they modify.

The State Board's interpretation of the statute and rule construes the relative clauses as modifying the term "final determination(s)." The State Board's interpretation may be expressed as follows: "appeals from the State Board involving final determinations of assessed value that do not exceed $15,000 for any year." The Claimants' interpretation of the statute and rule construes the relative clauses as modifying the word "appeal(s)." The claimants' interpretation may be expressed as follows: "appeals that do not exceed $15,000 for any year of final determinations of assessed value made by the State Board."

■ Where the meaning is in doubt, rules of grammar may be applied to interpret a statute. *Faris Mailing, Inc. v. Indiana Dep't of State Revenue* (1987), Ind.Tax, 512 N.E.2d 480, 485. In grammatical structures, a relative pronoun should come immediately after the antecedent it modifies. *W. STRUNK JR. AND E.B. WHITE, THE ELEMENTS OF STYLE* at 29 (3rd Ed.1979); *see also Seiler v. State*

*ex rel. Bd. of Comm'rs of DeKalb County,* (1903), 160 Ind. 605, 67 N.E. 448 (applying the grammatical rule that where there is a series of words, each capable of being the antecedent, the relative pronoun generally refers to the last word). If an antecedent consists of a group of words, ambiguity results from placing the relative pronoun at the end of the group if the reader cannot be sure which words from the group the relative pronoun modifies. *W. STRUNK JR. AND E.B. WHITE, supra,* at 30. In IC 33–3–5–12(a)(2), the relative clause follows the antecedent group of words "appeals of final determinations of assessed value." Likewise, in Indiana Tax Court Rule 16(A), the relative clause follows the antecedent group of words "appeal of a final determination of assessed value." Consequently, it is not clear which words the relative clauses modify in either IC 33–3–5–12(a)(2) or Indiana Tax Court Rule 16(A), and no plain meaning is discernable from either the statute or the rule.

█ "If the meaning of a statute's language is reasonably susceptible to more than one construction, the court will construe the statute to determine the apparent legislative intent." *Johnson County,* 568 N.E.2d at 580 (citing *Gary Community Mental Health Center, Inc. v. Indiana Dep't of Pub. Welfare* (1987), Ind.App., 507 N.E.2d 1019, 1022). "The foremost goal of statutory construction [ ] is to determine and give effect to the true intent of the legislature." *Id.* (citing *Scheid v. State Bd. of Tax Comm'rs* (1990), Ind.Tax, 560 N.E.2d 1283, 1286). Except where the validity of a statute is in question, courts may consider legislative history in determining legislative intent. *Herff Jones, Inc. v. State Bd. of Tax Comm'rs* (1987), Ind.Tax, 512 N.E.2d 485, 489. " '[C]ourts may examine journals of the Senate and the House [ ] where a statute is ambiguous and in order to determine its true meaning, the

journals are examined for legislative intent.' " *Id.* (quoting *Roeschlein v. Thomas* (1972), 258 Ind. 16, 280 N.E.2d 581, 588). Analysis of the legislative history of IC 33–3–5–12, however, is not helpful in determining the legislature's intent regarding monetary limitations on small claims jurisdiction in appeals from the State Board.[2]

Rules of statutory construction also exist as an aid to determine legislative intent. " '[S]tatutes relating to the same general subject matter are *in pari materia* and should be construed together so as to produce a harmonious statutory scheme.' " *Herff Jones,* 512 N.E.2d at 490 (quoting *Sanders v. State* (1984), Ind., 466 N.E.2d 424, 428). "This rule is so important that it trumps all other rules of statutory construction." *Johnson County,* 568 N.E.2d at 584 (citing *Marion County Sheriff's Merit Bd. v. Peoples Broadcasting Corp.* (1989), Ind., 547 N.E.2d 235, 237). In the Indiana statutes generally applicable to small claims, the legislature bases jurisdictional limitations on the amount in dispute. "The [small claims] court shall have original and concurrent jurisdiction ... in all civil cases founded on contract or tort in which the debt or damage claimed does not exceed six thousand dollars ($6,000)...." IND.CODE 33–11.6–4–2. Likewise, "[t]he [small claims] court shall also have original and concurrent jurisdiction ... in actions for the possession of property where the value of the property sought to be recovered does not exceed six thousand dollars ($6,000)...." IND.CODE 33–11.6–4–3. Accordingly, to be consistent with the general scheme for small claims cases in Indiana, IC 33–3–5–12 and Indiana Tax Court Rule 16 should be construed to limit small claims jurisdiction based on the amount in dispute. Therefore, appeals from the State Board under IC 33–3–5–12(a)(2) and Indiana Tax Court Rule 16(A) would be appropriate as small claims based on the amount of assessed value in dispute.

---

2. The legislation creating the Indiana Tax Court was first proposed in House Bill 1861. *JOURNAL OF THE HOUSE, STATE OF INDIANA, 104TH GEN. ASSEMBLY, FIRST REGULAR SESSION* at 115 (1985). House Bill 1861 was amended to establish a separate docket for small claims. *Id.* at 312. The small claims portion of House Bill 1861 was amended two more times before it reached its present form, *i.e.,* IC 33–3–5–12. *Id.* at 391–392; *JOURNAL OF THE SENATE, STATE OF INDIANA, 104TH GEN. ASSEMBLY, FIRST REGULAR SESSION* at 528 (1985).

A second rule of statutory construction states that:

'Where one part of a statute is susceptible to two constructions, and the language of another part is clear and definite, and is consistent with one of such constructions, and opposed to the other, that construction must be adopted which will render all classes harmonious.'

*Brown v. Gardner* (1974), 159 Ind.App. 586, 308 N.E.2d 424, 427 (quoting *Garvin v. Chadwick Realty Corp.* (1937), 212 Ind. 499, 9 N.E.2d 268, 273).

The jurisdictional limitation in IC 33-3-5-12(a)(1) is unambiguous: "claims for refunds from the department of state revenue that do not exceed five thousand dollars ($5,000) for any year...." IC 33-3-5-12(a)(1) allows an appeal from the Indiana Department of State Revenue to be pursued as a small claim where the total amount of refund sought is less than $5,000. This section focuses on the amount of refund claimed, rather than the total tax assessed and paid. When the court applies a similar construction to IC 33-3-5-12(a)(2), the result is to grant small tax case status to those claims in which the disputed amount of assessed value is less than $15,000, regardless of the total assessed value.

■ Another rule of statutory construction is when a statute is susceptible to more than one meaning, courts may also consider the consequences of a particular construction in determining legislative intent. *Flynn v. Klineman* (1980), Ind.App., 403 N.E.2d 1117, 1121 (citing *Economy Oil Corp. v. Indiana Dep't of State Revenue* (1974), 162 Ind.App. 658, 321 N.E.2d 215, 218). Applying the State Board's interpretation of IC 33-3-5-12(a)(2) and Indiana Tax Court Rule 16(A) would deny the small claims process to taxpayers challenging State Board assessments on any property with an assessed value greater than $15,000. "Assessed value" is defined as: "an amount equal to thirty-three and one-third percent (33⅓%) of the true tax value of property." IND.CODE 6-1.1-1-3. Thus, a property with an assessed value of $15,000 would have a true tax value of approximately $45,000.[3] The small claims process provides inexpensive access to the courts because the services of an attorney are generally not required.[4] The imposition of a $15,000 assessed value ceiling would deny the benefits of the small claims process to taxpayers with modestly valued property, even in cases where the amount of assessed value in dispute is small.

For the reasons above, the court construes IC 33-3-5-12(a)(2) and Indiana Tax Court Rule 16(A) as limiting the court's jurisdiction over small claims in appeals from the State Board to cases in which the disputed amount of assessed value is less than $15,000, regardless of the total assessed value of the property.[5]

IT IS THEREFORE ORDERED that the Respondent's motions to transfer the Claimants' cases from the small claims docket to the plenary docket are OVERRULED and DENIED.

---

3. In Indiana, true tax value is not synonymous with market value.

4. This benefit, however, does not extend to corporations which must be represented by an attorney in most cases.

5. Bearing in mind the State Board makes final determinations involving questions other than assessed value, the issue of whether small claims from the State Board are limited only to appeals of assessed value determinations is left for another day.